THE STATE EX REL. RUSSELL, APPELLANT, *v.* DUNCAN, APPELLEE.

[Cite as *State ex rel. Russell v. Duncan* (1992), 64 Ohio St.3d 538.]

(No. 91–2175—Submitted June 2, 1992—Decided September 2, 1992.)

*James M. Russell, pro se.*

*Chattman, Garfield, Friedlander & Paul* and *James L. Reed,* for appellee.

*Per Curiam.* We affirm the judgment of the court of appeals. "Mandamus will not lie to enforce a private right against a private person." *State ex rel. Pressley v. Indus. Comm.* (1967), 11 Ohio St.2d 141, 40 O.O.2d 141, 228 N.E.2d 631, paragraph eight of the syllabus. Nor will the writ issue when the relator has an adequate remedy at law. *State ex rel. Westchester Estates, Inc. v. Bacon* (1980), 61 Ohio St.2d 42, 15 O.O.3d 53, 399 N.E.2d 81.

The court of appeals correctly held that the relationship between the bank and appellant was that of debtor and creditor, a contractual undertaking. See *Speroff v. First–Central Trust Co.* (1948), 149 Ohio St. 415, 37 O.O. 98, 79 N.E.2d 119, paragraph one of the syllabus, and *Cincinnati Ins. Co. v. First*

*Natl. Bank* (1980), 63 Ohio St.2d 220, 223, 17 O.O.3d 136, 138, 407 N.E.2d 519, 522. Therefore, appellant's complaint does not state a cause of action against appellee as a private citizen or as a representative of the bank because an action for damages for breach of contract would be an adequate remedy at law.

Accordingly, we affirm the judgment of the court of appeals.

*Judgment affirmed.*

MOYER, C.J., SWEENEY, HOLMES, DOUGLAS, WRIGHT, H. BROWN and RESNICK, JJ., concur.