[This opinion has been published in *Ohio Official Reports* at 77 Ohio St.3d 266.]

THE STATE EX REL. LONGACRE, APPELLANT, *v.* PENTON PUBLISHING COMPANY, APPELLEE.

[Cite as *State ex rel. Longacre v. Penton Publishing Co.*, 1997-Ohio-276.]

*Mandamus to compel company to execute workers' compensation settlement agreement and deliver copy of agreement to relator—Complaint dismissed, when.*

(No. 96-1362—Submitted November 12, 1996—Decided January 15, 1997.)

APPEAL from the Court of Appeals for Cuyahoga County, No. 70455.

————————————

{¶ 1} Appellee, Penton Publishing Company ("Penton"), employed appellant, Marie F. Longacre. Longacre sought workers' compensation benefits related to her employment with Penton. Longacre and Penton were parties in an appeal in the Cuyahoga County Court of Common Pleas of an administrative determination relating to Longacre's workers' compensation claim. In February 1996, the parties stipulated that the appeal had been "settled *** for $33,000 subject to Industrial Commission approval," and the common pleas court dismissed the appeal.

{¶ 2} After Penton refused to execute a written final settlement agreement signed by Longacre, Longacre filed a complaint in the Court of Appeals for Cuyahoga County for a writ of mandamus to compel Penton to execute the agreement and deliver a copy of the agreement to her. The court of appeals granted Penton's motion and dismissed the complaint.

{¶ 3} This cause is now before the court upon an appeal as of right.

————————————

*William L. Blake*, for appellant.

*Squire, Sanders & Dempsey* and *Wm. Michael Hanna*, for appellee.

---

***Per Curiam.***

{¶ **4**} Longacre asserts in her various propositions of law that the court of appeals erred in dismissing her complaint. In order to dismiss a complaint for a writ under Civ.R. 12(B)(6), failure to state a claim upon which relief can be granted, it must appear beyond doubt from the complaint, after presuming the truth of all material factual allegations and making all reasonable inferences in relator's favor, that the relator can prove no set of facts warranting extraordinary relief. *State ex rel. Hunter v. Patterson* (1996), 75 Ohio St.3d 512, 513-514, 664 N.E.2d 524, 526.

{¶ **5**} The court of appeals determined that dismissal was warranted pursuant to Civ.R. 12(B)(6) because Longacre failed to sufficiently allege a clear legal duty on the part of Penton to execute the claimed settlement agreement. Longacre contends that the duty arises from R.C. 4123.65, which provides as follows for the settlement of workers' compensation claims:

"(C) No settlement *** agreed to by a self-insuring employer and his employee shall take effect until thirty days *** after the self-insuring employer and employee sign the final settlement agreement. During the thirty-day period *** the employer or employee, for self-insuring settlements, may withdraw his consent to the settlement by an employer providing written notice to his employee and the administrator or by an employee providing written notice to his employer and the administrator ***."

{¶ **6**} As the court of appeals correctly concluded, nothing in R.C. 4123.65 imposes a duty on Penton to execute the alleged settlement agreement. In fact, even if R.C. 4123.65 could be construed to place such initial duty on Penton, R.C. 4123.65(C) empowers Penton to withdraw its consent to the settlement within thirty days after signing the final settlement agreement.

{¶ **7**} Further, the court of appeals also properly held that Longacre's mandamus action to compel her employer to execute a settlement of her workers'

compensation claim involved the requested enforcement of alleged private rights against a private person. "'Mandamus will not lie to enforce a private right against a private person.'" *State ex rel. Russell v. Duncan* (1992), 64 Ohio St.3d 538, 597 N.E.2d 142, 143, quoting *State ex rel. Pressley v. Indus. Comm.* (1967), 11 Ohio St.2d 141, 40 O.O.2d 141, 228 N.E.2d 631, paragraph eight of the syllabus. Longacre cites no applicable authority to the contrary. See, *e.g., Milkie v. Academy of Medicine* (1969), 18 Ohio App.2d 44, 47 O.O.2d 33, 246 N.E.2d 598, a non-mandamus case cited by Longacre in her appellate brief to support the proposition that mandamus can be used to enforce private rights.

{¶ 8} Finally, it is evident that Longacre has or had several adequate alternative remedies: a Civ.R. 60(B) motion for relief from the stipulated dismissal of the common pleas court case if she asserts that Penton fraudulently induced her to dismiss the case based on its misrepresentations regarding settlement, a motion for contempt in the common pleas court if she contends that Penton's actions in refusing to execute a final settlement agreement violated the common pleas court dismissal, and a civil action for breach of the claimed settlement agreement and specific performance of the settlement. See, *e.g., Russell, supra* (*sua sponte* dismissal of mandamus action affirmed on the basis that an action for damages for breach of contract would constitute an adequate remedy at law).

{¶ 9} Based on the foregoing, the court of appeals committed no error in granting Penton's motion and dismissing Longacre's complaint. The judgment of the court of appeals is affirmed.

*Judgment affirmed.*

MOYER, C.J., DOUGLAS, RESNICK, F.E. SWEENEY, PFEIFER, COOK and STRATTON, JJ., concur.

COOK and STRATTON, JJ., concur separately.

_____

**COOK, J., concurring.**

**{¶ 10}** Through the opinion of the court of appeals, counsel for the appellant was alerted to what should have been obvious from the scantest of legal research -- that mandamus will not lie in this situation.  Not to be deterred, counsel appealed that decision to this court.  I would, therefore, find this appeal frivolous, and under the inherent powers of this court, assess appellant's counsel for the reasonable attorney fees incurred by appellee.

STRATTON, J., concurs in the foregoing concurring opinion.

———————————