Relator avers that respondent attorney has not delivered to relator all documents pertaining to State v. Moore, Cuyahoga County Court of Common Pleas Case No. CR-369927. Attached to the complaint are copies of correspondence between the parties in which relator demands copies of various items and respondent indicates that he has provided all materials to relator. (The correspondence indicates that respondent represented relator in Case No. CR-369927.)
Relator requests that this court compel respondent to provide relator copies of unspecified materials. Respondent has filed an answer but has not filed a dispositive motion.
In State ex rel. Edwards v. Turner (Aug. 20, 1998), Cuyahoga App. No. 74709, unreported, the relator filed an action against the attorney who had represented relator as well as the investigator of relator's criminal case to compel delivery of all investigative notes and files. The Edwards court granted the respondents' motions to dismiss and observed:
 Mandamus will not issue to compel a vain act. State ex rel. Strothers v. Turner (1997), 79 Ohio St.3d 272; State ex rel. Leach v. Schotten (1995), 73 Ohio St.3d 538. In addition, mandamus will not lie to enforce a private right against a private person. State ex rel. Longacre v. Penton Publishing Co. (1997), 77 Ohio St.3d 266; State ex rel. Russell v. Duncan (1992), 64 Ohio St.3d 538; State ex rel. Pressley v. Indus. Comm. (1967), 11 Ohio St.2d 141.
Id. at 2.
Likewise, in this action, relator is merely seeking to enforce a private right against a private person. Mandamus is not, therefore, appropriate.
Furthermore, relator failed to comply with Loc.App.R. 45(B) (1) (a) which requires that complaints in original actions "be supported by an affidavit from the plaintiff or relator specifying the details of the claim."
Accordingly, we dismiss this action sua sponte. Relator to pay costs.
Writ dismissed.
 ANN DYKE, J., CONCURS.
 _________________________ JAMES M. PORTER, ADMINISTRATIVE JUDGE