OPINION
This matter presents a timely appeal from a judgment rendered by the Columbiana County Common Pleas Court granting the joint motion to enforce settlement agreement filed by defendant-appellees, the Administrator of the Bureau of Workers' Compensation (Administrator) and Damon Baird Excavating Land Improvement (Baird), against plaintiff-appellant, Page L. Macek.
On June 17, 1996, appellant filed a notice of appeal with the Columbiana County Common Pleas Court, appealing the administrative disallowance of his workers' compensation claim. Discovery commenced and the case was set for trial on July 14, 1997. On July 2, 1997 appellant entered into a settlement agreement with appellees, whereby the Administrator agreed to pay $1,500.00 and Baird agreed to pay $1,500.00, for a total of $3,000.00, in exchange for appellant's agreement to dismiss the appeal. Appellant's attorney canceled depositions of expert witnesses which were previously scheduled, and returned $2,000.00 from a trust account which represented appellant's trial deposit. Appellant thereafter withdrew his consent to the settlement and discharged his attorney. Appellant's attorney filed a motion to withdraw as appellant's counsel, to which appellees filed a motion in opposition and a joint motion to enforce the settlement agreement. On July 14, 1997, the trial court granted the motion to withdraw, dismissed the case without prejudice for failure to prosecute, and stayed a ruling on appellees' joint motion to enforce the settlement agreement.
Appellant refiled his appeal with the trial court on July 2, 1998, after he obtained the services of a new attorney. Appellees renewed their previous joint motion for enforcement of settlement agreement. On October 29, 1998, the trial court held a hearing on said motion. The trial court considered the evidence presented and found a valid settlement agreement which was made free of fraud and duress. The trial court thereafter granted appellees' motion to enforce the settlement agreement and ordered the matter settled and dismissed. This appeal followed.
Appellant's sole assignment of error on appeal alleges:
 "The trial court erred in granting Defendants' Joint Motion to Enforce Settlement Agreement by ordering the Plaintiff-Employee to sign a written settlement agreement."
Appellant cites R.C. 4123.65, which states in pertinent part:
 "(A) A state fund employer or the employee of such an employer may file an application with the administrator of workers' compensation for approval of a final settlement of a claim under this chapter. * * * If a state fund employer or an employee of such an employer has not filed an application for a final settlement under this division, the administrator may file an application on behalf of the employer or the employee, provided that the administrator gives notice of the filing to the employer and the employee and to the representative of record of the employer and of the employee immediately upon the filing.
"* * *
 "(C) No settlement agreed to under division (A) of this section or agreed to by a self-insuring employer and the self-insuring employer's employee shall take effect until thirty days after the administrator approves the settlement for state fund employees and employers, or after the self-insuring employer and employee sign the final settlement agreement. During the thirty-day period, the employer, employee, or administrator, for state fund settlements, and the employer or employee, for self-insuring settlements, may withdraw his consent to the settlement by an employer providing written notice to his employee and the administrator or by an employee providing written notice to his employer and the administrator, or by the administrator providing written notice to the state fund employer and employee.
"* * *
 "(F) A settlement entered into under this section is not appealable under section 4123.511 or 4123.512 of the Revised Code."
Appellant cites Longacre v. Penton Publishing Co. (1997),77 Ohio St.3d 266, to support his argument that the thirty day "cooling off" period of R.C. 4123.65 (C) applies to every settlement involving workers' compensation. Appellant argues that the thirty day period provides employees necessary protection against settlements which might be the result of fraud or duress. In the present case, appellant concedes that a settlement agreement initially existed. However, appellant argues that he rescinded same within the thirty day period under R.C. 4123.65
(C), so there was ultimately no valid settlement agreement which the trial court could enforce. Therefore, appellant alleges, the trial court erred when it granted appellees' joint motion to enforce the settlement agreement.
R.C. 4123.511 sets forth the procedure for workers' compensation claims and appeals. The administrator must first review an employee's claim under R.C. 4123.511 (A) and determine whether the employee is entitled to benefits. If the administrator determines that an employee is not entitled to benefits, the employee may appeal the decision to the appropriate district hearing officer pursuant to R.C. 4123.511 (C). Under R.C. 4123.511 (D), if the district hearing officer determines that the employee is not entitled to benefits, the employee may then appeal the decision to the appropriate staff hearing officer. R.C. 4123.11 (E) allows any party the opportunity to appeal an order issued within sixty days after receipt of the order to the court pursuant to R.C. 4123.512.
R.C. 4123.512 states, in pertinent part:
 "(A) The claimant or the employer may appeal an order of the industrial commission made under division (E) of section 4123.511 of the Revised Code in any injury or occupational disease case, other than a decision as to the extent of disability, to the court of common pleas of the county in which the injury was inflicted or in which the contract of employment was made if the injury occurred outside the state, or in which the contract of employment was made if the exposure occurred outside the state."
R.C. 4123.65 (C) expressly states that it applies to claim settlements initiated under R.C. 4123.65 (A) or to any settlement involving a self-insured employer. Given that appellant appealed the administrator's denial of benefits to the trial court, the appeal came under R.C. 4123.512 and was not initiated under R.C.4123.65 (A). Therefore, the "cooling off" period of R.C. 4123.65
(C) did not apply. It is further noted that the purpose of the thirty day "cooling off" period of R.C. 4123.65 (C) is to avoid settlements induced by fraud and coercion. However, neither was used in reaching the settlement agreement in the present case.
Moreover, if every workers' compensation settlement agreement were subjected to the standards of R.C. 4123.65, then settlements would not be reviewable by a trial court, since R.C. 4123.65 (F) states that any decision made under R.C. 4123.65 is not appealable to the court. However, R.C. 4123.512 sets forth the procedure for appealing the commission's decision with the proper court of common pleas. There is a further distinction between matters involving a state funded employer and a self-insured employer. When an appeal involves a state funded employer, the Administrator of the Bureau of Workers' Compensation is a direct party. However, when an appeal involves a self-insured employer, the Administrator is not a direct party. If appellant's position is adopted, the Administrator could potentially enter into a settlement agreement and then be required to submit such agreement to itself for approval. Furthermore, Longacre, supra,
upon which appellant relies, involved a settlement with a self-insured employer and the Administrator was not a direct party. Therefore, R.C. 4123.65 does not apply to judicial settlements arising from an appeal under R.C. 4123.512.
Although R.C. 4123.65 does not apply herein, the settlement agreement between appellant and appellees was subject to the dictates of Rulli v. Fan Co. (1997), 79 Ohio St.3d 374. In Rulli,supra, the Ohio Supreme Court held that when the terms of a settlement agreement are in dispute, or when there is a dispute that a settlement agreement existed, then a trial court must conduct an evidentiary hearing before entering a judgment dismissing the matter. In the present case, the trial court conducted an evidentiary hearing, thereby satisfying the mandates of Rulli, supra, and found that a settlement agreement existed. In Burrell Ind., Inc. v. Central Allied Ent. (1998), Belmont App. Nos. 96 BA 18, 96 BA 25, unreported, this court held that a trial court's finding in an evidentiary hearing to enforce settlement agreement would not be overturned if there was sufficient evidence to support such finding. In the present case, there was overwhelming evidence supporting a finding that a settlement agreement existed, consisting of both testimonial and physical evidence. The only evidence indicating that a settlement agreement did not exist was appellant's own testimony. Furthermore, appellant concedes on appeal that he and appellees entered into a settlement agreement. Therefore, there was sufficient evidence supporting the trial court's finding of a settlement agreement. Burrell, supra.
Since R.C. 4123.65 (C) did not apply and given that the trial court conducted an evidentiary hearing and found by sufficient evidence that a settlement agreement existed, the trial court did not err in granting appellees' joint motion to enforce the settlement agreement.
Appellant's sole assignment of error is found to be without merit.
The judgment of the trial court is affirmed.
Vukovich, J., Waite, J., concurs.
 APPROVED: _________________________