JOURNAL ENTRY AND OPINION
Defendant-appellant Hunter Temporary Services, Inc. appeals from a money judgment for $2,936 plus prejudgment interest of $415.93 awarded by the Garfield Heights Municipal Court following a bench trial involving the alleged lump sum settlement of a worker's compensation claim. The defendant claims the trial court lacked subject matter jurisdiction to entertain the action and erred in awarding prejudgment interest which had not been timely requested. We find merit to the appeal and reverse and vacate the judgment.
Defendant, Hunter Temporary Services, Inc., is an agency offering services of temporary workers. Plaintiff was an employee of Hunter who suffered injuries to his skull, right shoulder and cervical spine in June 1994 during the course of his employment with defendant. Plaintiff filed a claim with the Bureau of Workers' Compensation for both temporary total and permanent partial disability compensation. During the course of filing for temporary total and permanent partial disability, it was determined that an overpayment was made to plaintiff for the time he missed work and which had to be repaid to the Bureau.
Soon thereafter, the Bureau suggested that Hunter try to eliminate some of the claims on its books by making a settlement with plaintiff. As a state-funded employer, defendant is permitted by law (R.C. 4123.65) to enter into lump sum final settlements with claimants subject to approval of the Bureau Administrator. Defendant hired Frank Gates Company to represent it in attempting to settle plaintiff's claims.
Defendant first offered to settle for a lump sum of $1,000. This offer was subsequently increased to $1,500 and then to a final offer of $2,500. The lump sum settlement agreement signed by defendant authorized the payment of $2,500 and forgiveness of the overpayment, which was submitted to the Bureau. By letter dated December 17, 1997, the Bureau informed plaintiff's attorney that the application for approval was denied. The letter specifically stated in part:
 The application for lump sum settlement is denied — Missing, information from C-240 application has not been received within 28 days after request for additional information was made.
 The settlement agreement is disapproved because the injured worker representative could be secured to complete the settlement agreement on November 4, 1997 and November 12, 1997 for correction of C-240 additional terms.
Plaintiff's attorney also received a phone call from a representative of the Bureau who stated that the agreement would still be approved if the amount was changed from $2,500 and forgiveness of the overpayment to $2,900 adding the overpayment and striking the overpayment language. Plaintiff's attorney then contacted Frank Gates to sign an amended settlement agreement which reflected the proposed changes, but defendant Hunter refused to agree to the new terms. After numerous correspondence between Frank Gates Company and plaintiff's attorney regarding treatment of the overpayment, defendant Hunter would not agree to the additional monies by way of forgiving the overpayment. As a result no agreement was filed with the Bureau with the stated amount of $2,939 and no agreement was ever approved by the Bureau.
On July 28, 1998, plaintiff filed a complaint for breach of contract against defendant in the Garfield Heights Municipal Court alleging that defendant had reneged on the lump sum agreement. Following trial to the bench, a judgment was entered in favor of plaintiff for $2,936, plus prejudgment interest of $415, from which this timely appeal ensued.
We will address Assignments of Error I and II together as they both address the issue of the trial court's subject matter jurisdiction to enforce the settlement agreement.
 I. THE TRIAL COURT ERRED IN PROCEEDING WITH THE TRIAL WHEN IT DID NOT HAVE SUBJECT MATTER JURISDICTION, AS AN EMPLOYER IS IMMUNE FROM LIABILITY AT COMMON LAW, AND SOLE JURISDICTION IS VESTED IN THE BUREAU OF WORKER'S COMPENSATION WHEN AN EMPLOYEE IS INJURED DURING THE COURSE OF HIS EMPLOYMENT.
 II. THE TRIAL COURT ERRED IN GRANTING A JUDGMENT IN FAVOR OF AN EMPLOYEE WHEN EMPLOYER WITHDREW ITS SETTLEMENT OFFER IN ACCORDANCE WITH OHIO REVISED CODE SECTION 4123.65.
It is well established that lack of subject matter jurisdiction may be raised at any stage of the proceedings; although not previously asserted in that action, including raising it for the first time on appeal. Fox v. Eaton Corp. (1976),48 Ohio St.2d 236, 238; Jenkins v. Keller (1966), 6 Ohio St.2d 122, paragraph five of the syllabus; Teramar Corp. v. Rodier Corp.
(1987), 40 Ohio App.3d 39, 41. Civ.R. 12(H)(3) further states: "Whenever it appears by suggestion of the parties or otherwise that the court lacks jurisdiction of the subject matter, the court shall dismiss the action."
R.C. 4123.65 governs agreed settlements of workers' compensation claims. We find that, under the settlement procedures of R.C. 4123.65, defendant was entitled to withdrawal of its settlement offer. R.C. 4123.65 states in relevant part:
 (A) A state fund employer or the employee of such an employer may file an application with the administrator of worker's compensation for approval of a final settlement of a claim under this chapter. The application shall include the settlement agreement, be signed by the claimant and employer, and clearly set forth the circumstances by reason of which the proposed settlement is deemed desirable, and that the parties agree.
* * *
 (C) No settlement agreed to under division (A) of this section or agreed to by a self-insuring employer and the self-insuring employer's employee shall take effect until thirty days after the administrator approves the settlement for state fund employees and employers, or after the self-insuring employer and employee sign the final settlement agreement. During the thirty day period, the employer, employee or administrator for state fund settlements, and the employer or employee for self-insuring settlement, may withdraw his consent to the settlement by an employer providing written notice to his employee and the administrator, or by the employee providing written notice to his employer and the administrator, or by the administrator providing written notice to the state fund employer and employee.
Subsection (C) provides the parties with a thirty-day waiting period which "is essentially a cooling-off period to allow the employer or the employee to withdraw from the self-insuring settlement agreement." Estate of Orecny v. Ford Motor Co. (1996)109 Ohio App.3d 462, 466.
In the instant case, defendant's attorney testified that an initial settlement offer of $1,500 was made, but it was refused. Subsequently, the offer was increased to $2,500. Plaintiff again refused that offer because an overpayment existed. Plaintiff counter-proposed to settle at $2,500, plus the overpayment to be forgiven. Plaintiff's attorney made the changes on the requisite workers' compensation forms and mailed them to defendant's representative for signature. The form read that the settlement was $2,500, and additional terms were to "forgive the overpayment." This executed document was filed with the Bureau in June 1997.
The Bureau subsequently contacted plaintiff's attorney and stated there was a problem with the application, and that the agreement had to be withdrawn. The settlement agreement would still be approved if it was changed to read the overpayment amount, "$2,939.00," and not "2,500.00, and `to forgive the overpayment.'" Plaintiff alleged that the impact was the same and that defendant, through its representative, reneged on the agreement constituting a breach of contract. However, defendant's representative's correspondence and his testimony clearly indicated that defendant never intended to pay more than $2,500. Defendant's full and final offer was $2,500, which was to include forgiveness of the overpayment.
Regardless of their interpretation or understanding of the settlement agreement, either party, pursuant to R.C. 4123.65(C), could withdraw its consent to the agreement during a thirty-day cooling-off period. See State ex rel. Longacre v. PentonPublishing Co. (1997), 77 Ohio St.3d 266, 267. We find that defendant exercised that right and acted in accordance with the provisions of the statute.
The record further reflects that the agreement was not approved by the Bureau because plaintiff's representative did not comply with the Bureau's request for additional information on the C-240 application. Consequently, we find that defendant was entitled to withdraw its acquiescence to the settlement agreement during the thirty-day period and that the Bureau never formally approved the settlement. As a result, there was no final settlement agreement which plaintiff could enforce in court. The trial court was without subject matter jurisdiction to decide this case.
Assignments of Error I and II are sustained.
 III. THE TRIAL COURT ERRED IN GRANTING PRE-JUDGMENT INTEREST TO MOVANT AS IT WAS NOT TIMELY FILED.
Given our disposition of Assignments of Error I and II, it is evident that an award of prejudgment interest was not appropriate. This assignment of error is moot and will not be addressed. App.R. 12(A)(1)(c).
Judgment reversed and vacated.
It is ordered that appellant recover of appellee its costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Garfield Heights Municipal Court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
O'DONNELL, P.J., and JAMES D. SWEENEY, J., CONCUR.
 ______________________ JAMES M. PORTER, JUDGE