JOURNAL ENTRY AND OPINION
Relator avers that respondents an individual employed by a newspaper and seven broadcast entities did, in Cuyahoga County, Ohio, by use of the internet and other means, report on Relator as if he were a public figure when he is in fact a private individual. Complaint, at 3. Relator requests that this court issue a writ of mandamus compelling respondents to cease reporting Relator as if he is a public figure. Id. Relator also requests damages.
Respondents Liz Sidoti, WCPO, WKRC, WNWO and WTOL have filed motions to dismiss arguing, inter alia, that they are private persons who are not appropriate respondents in a mandamus action. [M]andamus will not lie to enforce a private right against a private person. State ex rel. Longacre v. Penton Publishing Co. (1997), 77 Ohio St.3d 266; State ex rel. Russell v. Duncan (1992), 64 Ohio St.3d 538; State ex rel. Pressley v. Indus. Comm. (1967), 11 Ohio St.2d 141. State ex rel. Edwards v. Turner (Aug. 20, 1998), Cuyahoga App. No. 74709, unreported, at 2.
Relator has not averred facts which establish that respondents are not private persons. As a consequence, relator has failed to state a claim upon which relief in mandamus can be granted.
Furthermore, relator failed to comply with Loc.App.R. 45(B)(1)(a) which requires that complaints in original actions be supported by an affidavit from the plaintiff or relator specifying the details of the claim.
We also note that the purported affidavit of indigency attached to the complaint contains merely relator's signature and is not notarized. The affidavit of indigency is not, therefore, sufficient to comply with the formal requirements for an affidavit. See R.C. 2319.01 through 2319.04. See, e.g., State v. Trembly (Mar. 16, 2000), Cuyahoga App. No. 75996, unreported, reopening disallowed (Oct. 20, 2000), Motion No. 16908, at 2-3. Additionally, relator did not file an R.C. 2969.25(A) affidavit describing each civil action or appeal of a civilaction he had filed in the previous five years in any state or federal court and also did not file an R.C. 2969.25(C) certified statement by his prison cashier setting forth the balance in his private account for each of the preceding six months.
State ex rel. Hunter v. Cuyahoga Cty. Court of Common Pleas (2000),88 Ohio St.3d 176, 177, 724 N.E.2d 420, 421. As a consequence, we deny relator's claim of indigency and order him to pay costs. Id. at 420.
Accordingly, we grant the motions to dismiss of respondents Liz Sidoti, WCPO, WKRC, WNWO and WTOL and, in light of the fact that relator obviously cannot prevail on the facts, we dismiss this action sua sponte with regard to respondents WLWT, WTVG and WNCO. State ex rel. Thompson v. Spon (1998), 83 Ohio St.3d 551, 553, 700 N.E.2d 1281, 1282. Relator to pay costs. The clerk is directed to serve upon the parties notice of this judgment and its date of entry upon the journal. Civ.R. 58(B).
Writ dismissed.
KENNETH A. ROCCO, P.J., and JAMES D. SWEENEY, J., CONCUR.