JOURNAL ENTRY AND OPINION
Relator, Lonny Lee Bristow, has filed a petition for a writ of mandamus. The respondents named in the complaint are: The Plain Dealer; WOIO; WEWS; Jim Woods of the Columbus Dispatch; The Cincinnati Enquirer; WKRC; WCPO; WLWT; Frank Lewis of WPAY; Ty Johnston of the Daily Times; WNXT; The News Journal; WMAN; WMFD; The Vindicator; Jerry Revish; ABC-TV; CBS-TV; NBC-TV; The Associated Press; and WNCO. In his petition, relator requests that this court issue a writ of mandamus which commands the respondents to report correct information about him. For the following reasons, we sua sponte dismiss relator's petition.
It is well settled that mandamus will not lie to enforce a private right against a private person. State ex rel. Longacre v. Penton Publishing Co. (1997), 77 Ohio St.3d 266; State ex rel. Russell v. Duncan (1992), 64 Ohio St.3d 538; State ex rel. Pressley v. Indus. Comm. (1967), 11 Ohio St.2d 141; State ex rel. Bristow v. Sidoti (Dec. 1, 2000), Cuyahoga App. No. 78708, unreported; State ex rel. Bristow v. Stierhoff, et al., (Jun. 21, 2001), Cuyahoga App. No. 78995, unreported; and State ex rel. Edwards v. Turner (Aug. 20, 1998), Cuyahoga App. No. 74709, unreported.
In the matter, sub judice, relator has not averred facts which establish that respondents are not private persons. As a result, relator has failed to state a claim upon which relief in mandamus can be granted.
Furthermore, we find that relator has failed to comply with R.C. 2969.25
which mandates that he attach an affidavit to his complaint that describes each civil action or appeal of a civil action filed in the previous five years. The failure to provide such affidavit constitutes sufficient grounds for dismissal of the relator's complaint for a writ of mandamus. State ex rel. Zanders v. Ohio Parole Board (1998),82 Ohio St.3d 421, 696 N.E.2d 594; State ex rel. Alford v. Winters (1997), 80 Ohio St.3d 285, 685 N.E.2d 1242.
We also find that relator failed to comply with Loc.App.R. 45(B)(1)(a) which requires that complaints in original actions be supported by an affidavit from the plaintiff or relator specifying the details of the claim.
It must also be mentioned that the purported affidavit of indigency only contains the relator's signature and is not notarized. The affidavit, therefore, fails to comply with the formal requirements of an affidavit. See R.C. 2319.01 through 2319.04. See, e.g., State v. Trembly (Mar. 16, 2000), Cuyahoga App. No. 75996, unreported, reopening disallowed (Oct. 20, 2000), Motion No. 16908, at 2-3. The relator also failed to file a certified statement by his prison cashier setting forth the balance in his private account for each of the preceding six months. R.C. 2969.25(C); State ex rel. Hunter v. Cuyahoga Cty. Court of Common Pleas (2000), 88 Ohio St.3d 176, 724 N.E.2d 420. Accordingly, we deny relator's claim of indigency and order him to pay costs.
Finally, in his petition, relator states that he is in the midst of launching an unrelenting and massive civil litigation blitz that will bankrupt Richland and Crawford Counties, and the named and several unnamed media respondents. Relator further states that such action is merely to financially punish them for their cowardly acts. Considering these statements as well as relator's own admission that he has filed over 200 frivolous lawsuits, and that the number will double over the next year, we find it appropriate to deny Bristow in forma pauperis status for all future original action petitions.
Accordingly, the Clerk of Courts is instructed to refuse any original action pro se petition received from Lonny Lee Bristow, #357-921, Warren Correctional Institution, Post Office Box 120, Lebanon, Ohio 45036, unless accompanied by the $100 cost deposit required by Loc.App.R. 8(A).
Writ dismissed.
MICHAEL J. CORRIGAN, P.J. AND JAMES J. SWEENEY, J., CONCUR.