JOURNAL ENTRY AND OPINION
{¶ 1} On November 13, 2002, relator Allen Ringel filed a writ of mandamus against Case Western Reserve University. In the petition, relator asserts that, "with the exigency for discovery materials via Writ of Mandamus, due to the possibility of concurrent loss of life; pursuant to ORC 2731 and Loc.R. 45(B)(1)(A). Petitioner needs said discovery material for said jury trial on 21 JAN03." Relator further states that defendants have created a basis for equitable estoppel by not admitting him to their medical school; that defendants are interfering in a seditious manner as to obstruct him from finishing his M.D. degree and return to his Ohio National Guard Unit; that by their actions, defendants are jeopardizing national security; and that defendants are obstructing the clinical testing of his Heart Mate-I device with possible concurrent loss of life.
 {¶ 2} On December 17, 2002, respondent filed a motion to dismiss the complaint. Respondent claims that relator has an adequate remedy at law and that the complaint should be dismissed because it is improperly captioned. For the following reasons, we grant the respondent's motion to dismiss.
 {¶ 3} A Civ.R. 12(B)(6) motion to dismiss for failure to state a claim may be granted when it appears beyond doubt from the face of the petition, presuming the allegations contained in the petition are true, that the petitioner can prove no set of facts which would warrant the relief sought. State ex rel. Neff v. Corrigan (1996), 75 Ohio St.3d 12,661 N.E.2d 170. The relief sought herein is a writ of mandamus.
 {¶ 4} In order for this court to issue a writ of mandamus, a relator must establish that: 1) the relator possesses a clear legal right to the relief prayed; 2) the respondent possesses a clear legal duty to perform the requested act; and 3) the relator possesses no plain and adequate remedy in the ordinary course of the law. State ex rel. Mansonv. Morris (1993), 66 Ohio St.3d 440, 613 N.E.2d 232, citing State exrel. Berger v. McMonagle (1983), 6 Ohio St.3d 28, 451 N.E.2d 225.
 {¶ 5} After reviewing the petition, we find that the relator failed to establish what clear legal right he possesses and what relief he requests; what clear legal duty respondent must perform; and that he does not have a plain and adequate remedy in the ordinary course of the law.
 {¶ 6} Additionally, it is well settled that mandamus will not lie to enforce a private right against a private person. State ex rel.Longacre v. Penton Publishing Co. (1997), 77 Ohio St.3d 266,673 N.E.2d 1297; State ex rel. Russell v. Duncan (1992), 64 Ohio St.3d 538,597 N.E.2d 142; State ex rel. Pressley v. Indus. Comm. (1967),11 Ohio St.2d 141, 228 N.E.2d 631; State ex rel. Bristow v. Sidoti (Dec. 1, 2000), Cuyahoga App. No. 78708; State ex rel. Bristow v. Stierhoff, etal. (June 21, 2001), Cuyahoga App. No. 78995; and State ex rel. Edwardsv. Turner (Aug. 20, 1998), Cuyahoga App. No. 74709. In this matter, relator has not averred facts which can establish that Case Western Reserve University is not a private person.
 {¶ 7} Furthermore, we find that relator's petition is defective since it is improperly captioned. The complaint for an extraordinary writ must be brought by petition, in the name of the state on relation of the person applying. Relator's failure to properly caption his petition for a writ of mandamus constitutes sufficient reason for dismissal. Allen v.Court of Common Pleas of Allen County (1962), 173 Ohio St. 226,181 N.E.2d 270; Dunning v. Judge Cleary, et al. (Jan. 11, 2001), Cuyahoga App. No. 78763. Accordingly, we grant respondent's motion to dismiss the petition for a writ of mandamus. Relator to pay costs. It is further ordered that the clerk shall serve upon all parties notice of this judgment and date of entry pursuant to Civ.R. 58(B).
Complaint dismissed.
PATRICIA ANN BLACKMON, J., and COLLEEN CONWAY COONEY, J. CONCUR.