[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] ORIGINAL ACTION AND JOURNAL ENTRY OPINION
{¶ 1} Sua Sponte, we dismiss relator's complaint, as filed on August 8, 2003, which requests that this court issue a writ of mandamus ordering Attorney John B. Gibbons to withdraw from Court of Appeals Case No. 82208, and to turn over his case files and transcripts to relator.
 {¶ 2} Mandamus will not lie to enforce a private right against a private person as Thomas is attempting. State ex rel. Longacre v. PentonPublishing Co. (1997), 77 Ohio St.3d 266, 673 N.E.2d 1297; State ex rel.Russell v. Duncan (1992), 64 Ohio St.3d 538, 597 N.E.2d 142.
 {¶ 3} Additionally, after reviewing the petition, we find that relator failed to comply with Loc. App.R. 45(B)(1)(a) which provides that all complaints must contain the specific statements of fact upon which the claim of illegality is based and must be supported by an affidavit from the plaintiff or relator specifying the details of the claim. Stateex rel. Wilson v. Calabrese (Jan. 18, 1996), Cuyahoga App. No. 70077;State ex rel. Smith v. McMonagle (July 17, 1996), Cuyahoga App. No. 70899.
 {¶ 4} Thomas also failed to comply with R.C. 2969.25 which mandates that he attach an affidavit to his complaint that describes each civil action or appeal of a civil action filed in the previous five years. The failure to provide such affidavit constitutes sufficient grounds for dismissal of the relator's complaint for a writ of mandamus.State ex rel. Zanders v. Ohio Parole Board (1998), 82 Ohio St.3d 421,696 N.E.2d 594; State ex rel. Alford v. Winters (1997), 80 Ohio St.3d 285,685 N.E.2d 1242.
 {¶ 5} Accordingly, we dismiss this action sua sponte. Relator to pay costs. It is further ordered that the clerk shall serve upon all parties notice of this judgment and date of entry pursuant to Civ.R. 58(B).
Writ Dismissed.
MICHAEL J. CORRIGAN, J., CONCURS TIMOTHY E. McMONAGLE, J., CONCURS