ORIGINAL ACTION JOURNAL ENTRY AND OPINION
{¶ 1} Sua Sponte, we dismiss Kenneth Booker's pro se complaint, as filed on March 12, 2004, which requests that this court issue a writ of mandamus ordering Attorney Leif B. Christman to release Booker's case file in State v. Booker,
Cuyahoga County Court of Common Pleas, Case No. 267018.
 {¶ 2} Mandamus will not lie to enforce a private right against a private person as Booker is attempting. State ex rel.Longacre v. Penton Publishing Co. (1997), 77 Ohio St.3d 266,673 N.E.2d 1297; State ex rel. Russell v. Duncan (1992),64 Ohio St.3d 538, 597 N.E.2d 142.
 {¶ 3} Furthermore, we find that Booker's petition is defective since it is improperly captioned. The complaint for an extraordinary writ must be brought by petition, in the name of the state on relation of the person applying. Booker's failure to properly caption his petition for a writ of mandamus constitutes sufficient reason for dismissal. Allen v. Court of Common Pleasof Allen City (1962), 173 Ohio St. 226, 181 N.E.2d 270; Dunningv. Judge Cleary, et al. (Jan. 11, 2001), Cuyahoga App. No. 78763.
 {¶ 4} Booker also failed to comply with R.C. 2969.25 which mandates that he attach an affidavit to his complaint that describes each civil action or appeal of a civil action filed in the previous five years. The failure to provide such affidavit constitutes sufficient grounds for dismissal of the relator's complaint for a writ of mandamus. State ex rel. Zanders v. OhioParole Board (1998), 82 Ohio St.3d 421, 696 N.E.2d 594; Stateex rel. Alford v. Winters (1997), 80 Ohio St.3d 285,685 N.E.2d 1242.
 {¶ 5} Accordingly, we dismiss this action sua sponte. Relator to pay costs. It is further ordered that the clerk shall serve upon all parties notice of this judgment and date of entry pursuant to Civ.R. 58(B).
Writ Dismissed.
Karpinski, J., concurs.
 McMonagle, J., concurs.