{¶ 17} I must respectfully dissent, for I believe the trial court impermissibly weighed evidence when granting the dismissal of this action. As appellant points out, the Supreme Court of Ohio has clearly stated that a motion to dismiss shall be granted only when a party can "prove no set of facts" warranting relief.[5] In the instant matter, appellant alleged in her complaint that a settlement had been reached and she had not been paid pursuant to the agreement. In legal terms, she called that unjust enrichment.
 {¶ 18} As stated by the Second District Court of Appeals, when reviewing a judgment granting a Civ. R. 12(B)(6) motion to dismiss, an appellate court must independently review the complaint and is not required to defer to the trial court's decision.[6]
 {¶ 19} In this context, dismissal for failure to state a claim upon which relief may be granted is appropriate only where it appears beyond doubt that the plaintiff can prove no set of facts in support of his or her claim.[7]
 {¶ 20} As stated by the Supreme Court of Ohio:
 {¶ 21} "In construing a complaint upon a motion to dismiss for failure to state a claim, we must presume that all factual allegations of the complaint are true and make all reasonable inferences in favor of the non-moving party.[8] Then, before we may dismiss the complaint, it must appear beyond doubt that plaintiff can prove no set of facts warranting a recovery."[9][10]
[5] State ex rel. Longacre v. Penton Publishing Co. (1997),77 Ohio St.3d 266, 267.
[6] Garcia v. Wayne Homes, LLC (Apr. 19, 2002), 2d Dist. No. 2001 CA 53, 2002 Ohio App. LEXIS 1917, at *57.
[7] (Citations omitted.) York v. Ohio State Highway Patrol (1991),60 Ohio St.3d 143, 144.
[8] 2A Moore, Federal Practice (1985) 12-63, Paragraph 12.07[2.5]; accord State ex rel. Alford v. Willoughby Civil Serv. Comm. (1979),58 Ohio St.2d 221, 223.
[9] O'Brien v. University Community Tenants Union (1975),42 Ohio St.2d 242, syllabus.
[10] Mitchell v. Lawson Milk Co. (1988), 40 Ohio St.3d 190, 192.