JOURNAL ENTRY AND OPINION
{¶ 1} On August 18, 2006, petitioner Thomas Grahek commenced this mandamus action against Judge Bridgett McCafferty. In his petition, he asks this court to order Judge McCafferty to send him his trial transcripts and to direct his former counsel to surrender their case files. Thereafter, on August 28, 2006, Judge McCafferty, through the Cuyahoga County Prosecutor's Office, filed a motion to dismiss relator's petition for writ of mandamus. For the following reasons, we grant the motion to dismiss.
 {¶ 2} Initially, we find that Grahek failed to support his complaint with an affidavit "specifying the details of the claim" as required by Local Rule 45(B)(1)(a). State ex rel. Wilson v.Calabrese (Jan. 18, 1996), Cuyahoga App. No. 70077; State exrel. Smith v. McMonagle (July 17, 1996), Cuyahoga App. No. 70899.
 {¶ 3} Grahek also failed to comply with R.C. 2969.25 which mandates that he attach an affidavit to his complaint that describes each civil action or appeal of a civil action filed in the previous five years. The failure to provide such affidavit constitutes sufficient grounds for dismissal of the relator's complaint for a writ of mandamus. State ex rel. Zanders v. OhioParole Board, 82 Ohio St.3d 421, 1998-Ohio-218, 696 N.E.2d 594;State ex rel. Alford v. Winters, 80 Ohio St.3d 285,1997-Ohio-117, 685 N.E.2d 1242.
 {¶ 4} Despite the aforesaid procedural defects, a substantive review of Grahek's complaint fails to establish that he is entitled to a writ of mandamus. The requisites for mandamus are well established: 1) the relator must have a clear legal right to the requested relief, 2) the respondent must have a clear legal duty to perform the requested relief, and 3) there must be no adequate remedy at law. Moreover, mandamus is an extraordinary remedy which is to be exercised with caution and only when the right is clear. It should not be issued in doubtful cases. Stateex rel. Taylor v. Glasser (1977), 50 Ohio St.2d 165,364 N.E.2d 1; State ex rel. Shafer v. Ohio Turnpike Commission (1953),159 Ohio St. 581, 113 N.E.2d 14; State ex rel. Cannole v. ClevelandBoard of Education (1993), 87 Ohio App.3d 43, 621 N.E.2d 850.
 {¶ 5} In this matter, Grahek filed a motion for production of transcripts which was denied by Judge McCafferty on July 18, 2006. At that time, Grahek could have appealed Judge McCafferty's ruling. Since Grahek possessed an adequate remedy at law, regardless of whether he filed an appeal or not, relief in mandamus is precluded. State ex rel. Tran v. McGrath,78 Ohio St.3d 45, 1997-Ohio-245, 676 N.E.2d 108; and State ex rel.Boardwalk Shopping Center, Inc. v. Court of Appeals for CuyahogaCounty (1990), 56 Ohio St.3d 33, 564 N.E.2d 86. Additionally, this court will not issue a writ of mandamus ordering Judge McCafferty to order Grahlek's counsel to surrender his case files. Mandamus will not lie to enforce a private right against a private person. State ex rel. Longacre v. Penton Publishing Co.
(1997), 77 Ohio St.3d 266, 673 N.E.2d 1297; State ex rel.Russell v. Duncan (1992), 64 Ohio St.3d 538, 597 N.E.2d 142.
 {¶ 6} Accordingly, we grant the motion to dismiss. Relator to bear costs. It is further ordered that the Clerk of the Eighth District Court of Appeals serve notice of this judgment upon all parties as required by Civ.R. 58(B).
Writ Dismissed.
James J. Sweeney, P.J., and Christine T. McMonagle, J., concur.