JOURNAL ENTRY AND OPINION *Page 3 
{¶ 1} Relator, Larry Elliot Klayman ("Klayman"), and respondent, Stephanie Ann Luck ("Luck"), entered into a Marital Settlement Agreement which was incorporated into a decree of divorce issued in Klayman v.Klayman, Fairfax Virginia Circuit Court Chancery Case No. 184596, in 2003. Klayman avers that he has filed this action "to enforce the marital agreement and divorce decree by and between himself and his former spouse, Stephanie Luck (n/k/a DeLuca) with regard to visitation." Complaint, Preamble. He requests that this court issue a writ of mandamus "to require enforcement of the visitation provisions of the marital agreement and divorce decree * * *." Complaint, Ad Damnum Clause.
 {¶ 2} Klayman's complaint does not state a claim in mandamus. "Mandamus will not lie to enforce a private right against a private person. State ex rel. Longacre v. Penton Publishing Co. (1997),77 Ohio St.3d 266, 1997 Ohio 276, 673 N.E.2d 1297; [**4] State ex rel. Russellv. Duncan (1992), 64 Ohio St.3d 538, 597 N.E.2d 142." State ex rel.Grahek v. McCafferty, Cuyahoga App. No. 86614, 2006-Ohio-4741, at¶ 5. In this action, Klayman requests that this court compel enforcement of the terms of his divorce from Luck regarding visitation. Clearly, his request for relief is an attempt to enforce a private right against a private person. As a consequence, we must dismiss this action.
 {¶ 3} Additionally, "* * * we find that [relator's] complaint for a writ of mandamus is defective since it is improperly captioned. A complaint for a writ of mandamus must be brought in the name of the state, on relation of the person applying. The failure of relator to properly caption his complaint for a writ of mandamus warrants dismissal. R.C. 2731.04; *Page 4 Blankenship v. Blackwell, 103 Ohio St.3d 567, 2004 Ohio 5596,817 N.E.2d 382; Gannon v. Gallagher (1945) 145 Ohio St. 170, 60 N.E.2d 666;Dunning v. Chary (Jan. 11, 2001), Cuyahoga App. No. 78763." State v.McMonagle, Cuyahoga App. No. 91477, 2008-Ohio-3798, at ¶ 2.
 {¶ 4} Similarly, relator has failed to comply with Loc. App. R. 45(B)(1)(a) which requires that complaints in original actions be supported by an affidavit from the plaintiff or relator specifying the details of the claim. State ex rel. Hightower v. Russo, Cuyahoga App. No. 82321, 2003-Ohio-3679. In the affidavit in support of the complaint, Klayman merely avers "that the facts set forth in his Emergency Petition of Writ [o]f Mandamus are true and correct." Klayman's statement, however, does not meet the standard of Loc. App. R. 45(B)(1)(a). InState ex rel. Bailey v. Mannen, Cuyahoga App. No. 86757, 2005-Ohio-6236, the relator averred that the contents of the complaint in mandamus were "`true and correct to the best of my knowledge and or belief * * *.' [Relator's] averment does not specify the facts and is not sufficient to satisfy the requirement of Loc. App. R. 45(B)(1)(a) that the affidavit supporting the complaint specify the details of the claim. `The absence of facts specifying the details of the claim required by Loc. App. R. 45(B)(1)(a) is a ground for dismissal.' State ex rel. Sansom v.Wilkinson, Cuyahoga App. No. 80743, 2002 Ohio 1385, at ¶ 7."Bailey, supra, at ¶ 3. Likewise, we must conclude that Klayman's affidavit does not conform to the requirements of Loc. App. R. 45(B)(1)(a). *Page 5 
 {¶ 5} Relator "also failed to include the address of the parties in the caption of the complaint as required by Civil Rule 10 (A). This may also be grounds for dismissing the action. State ex rel. Sherrills v.State (2001), 91 Ohio St. 3d 133, 742 N.E.2d 651." State ex rel. Hall v.Calabrese (Aug. 16, 2001), Cuyahoga App. No. 79810, at 2.
 {¶ 6} Accordingly, we dismiss this action sua sponte. Relator to pay costs. The clerk is directed to serve upon the parties notice of this judgment and its date of entry upon the journal. Civ. R. 58(B).
Complaint dismissed.
 ANTHONY O. CALABRESE, JR., J., and MARY J. BOYLE, J., CONCUR *Page 1