[Cite as *State ex rel. Tax Lien Law Group, L.L.P. v. Cuyahoga Cty. Treasurer*, 2014-Ohio-121.]

# Court of Appeals of Ohio

## EIGHTH APPELLATE DISTRICT
### COUNTY OF CUYAHOGA

---

### JOURNAL ENTRY AND OPINION
### No. 100510

---

# STATE OF OHIO, EX REL.
# TAX LIEN LAW GROUP, L.L.P.

### RELATOR

## vs.

# CUYAHOGA COUNTY TREASURER

### RESPONDENT

---

## JUDGMENT:
### WRIT DENIED

---

Writ of Mandamus
Motion No. 469297
Order No. 470843

**RELEASE DATE:** January 14, 2014

**ATTORNEYS FOR RELATOR**

Kirk W. Liederbach
Patrick J. Brickman
Matthew A. Marsalka
Jeffrey R. Puthoff
Law Office of Schwartz & Associates
P.O. Box 14250
Cleveland, Ohio 44114


**ATTORNEYS FOR RESPONDENT**

Timothy J. McGinty
Cuyahoga County Prosecutor

By:     Colleen Majeski
        Anthony J. Giunta
        Adam D. Jutte
        Michael A. Kenney
        Judith Miles
        Gregory B. Rowinski
Assistant County Prosecutors
8th Floor Justice Center
1200 Ontario Street
Cleveland, Ohio   44113

EILEEN T. GALLAGHER, J.:

**{¶1}** Relator, Tax Lien Law Group, L.L.P. ("TLLG" or relator), has petitioned this court for a peremptory writ of mandamus directing respondent, Cuyahoga County Treasurer ("the treasurer" or "respondent") to distribute funds directly to TLLG that were collected pursuant to R.C. 5721.38(B) for the redemption of tax certificates. TLLG has also petitioned this court for a peremptory writ of prohibition that would prevent the treasurer from distributing the subject funds to the tax lien certificate holder that relator has identified as its former client Woods Cove II, L.L.C. ("Woods Cove"). Woods Cove is not a party to this original action. The court has before it respondents' motion to dismiss and relator's response.

**{¶2}** Having considered the entire record, the arguments of the parties, and the applicable law, respondents' motion to dismiss is granted for the reasons that follow.

> Dismissal under Civ.R. 12(B)(6) for failure to state a claim upon which relief can be granted is appropriate if, after all factual allegations are presumed true and all reasonable inferences are made in [relator's] favor, it appears beyond doubt that [relator] could prove no set of facts warranting the requested extraordinary relief in mandamus.

*State ex rel. Gilmour Realty, Inc. v. Mayfield Hts.*, 119 Ohio St.3d 11, 2008-Ohio-3181, 891 N.E.2d 320, ¶ 10, citing *State ex rel. Turner v. Houk*, 112 Ohio St.3d 561, 2007-Ohio-814, 862 N.E.2d 104, ¶ 5.

**{¶3}** Although relator has opposed respondent's motion to dismiss with respect to the writ of mandamus, relator has not opposed respondent's motion to dismiss the complaint for a peremptory writ of prohibition. A writ of prohibition "is an

extraordinary remedy that is granted in limited circumstances with great caution and restraint." *State ex rel. Corn v. Russo*, 90 Ohio St.3d 551, 554, 740 N.E.2d 265 (2001). Before it can be granted, the relator must prove that "(1) the lower court is about to exercise judicial power, (2) the exercise of power is unauthorized by law, and (3) relator possesses no other adequate remedy at law." *Id*. Relator has failed to present any allegations or evidence that would indicate that the treasurer is about to exercise judicial or quasi-judicial power, which TLLG is required to prove in order to obtain a writ of prohibition. Consequently, the complaint fails to state a claim upon which relief in prohibition can be granted and therefore must be dismissed on that basis.

{¶4} Relator contends that it has stated a claim upon which relief in mandamus can be granted.

{¶5} The requisites for mandamus are well established: 1) the relator must establish a clear legal right to the requested relief; 2) the respondent must possess a clear legal duty to perform the requested relief; and 3) the relator does not possess nor possessed an adequate remedy at law. *State ex rel. Tran. v. McGrath*, 78 Ohio St.3d 45, 676 N.E.2d 108 (1997).

{¶6} The treasurer contends that dismissal of the mandamus claim is warranted on multiple grounds, including failure to state a claim upon which relief can be granted and because TLLG has failed to join Woods Cove, which is allegedly an indispensable party. TLLG maintains that it has established the requisite elements of mandamus but has not addressed the claim that Woods Cove is an indispensable party.

{¶7} The evidence submitted indicates that the attorney fees that are the subject of this original action are in dispute. According to the affidavit of Mark Schwartz, the agreement for legal services and representation between TLLG and Woods Cove was terminated. Attached to the complaint is an unexecuted agreement captioned "Tax Lien Foreclosure Retention Agreement - Ohio." TLLG has submitted copies of pleadings that it filed in the Circuit Court of Cook County, Illinois against Woods Cove that include claims for breach of contract (Ohio Agreement) and unjust enrichment, among other claims that pertain to alleged attorney fees owed by Woods Cove. The same unexecuted retention agreement is attached to the Illinois pleading. The existence, validity, and terms of the agreement are not contested in this action; however, Woods Cove is not a party to this action, and the treasurer has no personal knowledge of any agreement entered by Woods Cove and TLLG. To the extent that TLLG is attempting to enforce its private rights under its alleged contract with Woods Cove, an action in mandamus does not lie. *State ex rel. Longacre v. Penton Publishing Co.*, 77 Ohio St.3d 266, 673 N.E.2d 1297 (1997), citing *State ex rel. Russell v. Duncan*, 64 Ohio St.3d 538, 597 N.E.2d 142 (1992), quoting *State ex rel. Pressley v. Indus. Comm.*, 11 Ohio St.2d 141, 228 N.E.2d 631 (1967), paragraph eight of the syllabus. An attorney seeking to collect fees owed from a client pursuant to a contractual agreement between those parties concerns a private right against a private person.

{¶8} "Mandamus is a writ, issued in the name of the state to an inferior tribunal, a corporation, board, or person, commanding the performance of an act which the law specially enjoins as a duty resulting from an office, trust, or station." R.C. 2731.01.

TLLG asserts that the treasurer has a clear legal duty to administer the funds collected pursuant to R.C. 5721.38 and that it is breaching that duty by paying the tax lien certificate holder the proceeds that include the certificate holder's attorney fees. The treasurer believes it is following the statutory directives by remitting full payment to the tax certificate holder and that there is no clear legal duty for it to withhold monies or pay the tax certificate holder's counsel directly. We agree.

{¶9} R.C. 5721.38 establishes a property owner's right of redemption as follows:

(A) At any time prior to payment to the county treasurer by the certificate holder to initiate foreclosure proceedings under division (B) of section 5721.37 of the Revised Code, the owner of record of the certificate parcel, or any other person entitled to redeem that parcel, may redeem the parcel by paying to the county treasurer an amount equal to the total of the certificate redemption prices of all tax certificates respecting that parcel.

(B) At any time after payment to the county treasurer by the certificate holder to initiate foreclosure proceedings under section 5721.37 of the Revised Code, and before the filing of the entry of confirmation of sale of a certificate parcel, or the expiration of the alternative redemption period defined in section 323.65 of the Revised Code under foreclosure proceedings filed by the county prosecuting attorney, and before the decree conveying title to the certificate holder is rendered as provided for in division (F) of section 5721.37 of the Revised Code, the owner of record of the certificate parcel or any other person entitled to redeem that parcel may redeem the parcel by paying to the county treasurer the sum of the following amounts:

(1) The amount described in division (A) of this section;

(2) Interest on the certificate purchase price for each tax certificate sold respecting the parcel at the rate of eighteen per cent per year for the period beginning on the day on which the payment was submitted by the certificate holder and ending on the day the parcel is redeemed under this division;

(3) An amount equal to the sum of the county prosecuting attorney's fee under division (B)(3) of section 5721.37 of the Revised Code plus interest on that amount at the rate of eighteen per cent per year beginning on the day

on which the payment was submitted by the certificate holder and ending on the day the parcel is redeemed under this division. If the parcel is redeemed before the complaint has been filed, the prosecuting attorney shall adjust the fee to reflect services performed to the date of redemption, and the county treasurer shall calculate the interest based on the adjusted fee and refund any excess fee to the certificate holder.

(4) Reasonable attorney's fees in accordance with section 5721.371 of the Revised Code if the certificate holder retained a private attorney to foreclose the lien;

(5) Any other costs and fees of the proceeding allocable to the certificate parcel as determined by the court or board of revision.

The county treasurer may collect the total amount due under divisions (B)(1) to (5) of this section in the form of guaranteed funds acceptable to the treasurer. Immediately upon receipt of such payments, the county treasurer shall reimburse the certificate holder who initiated foreclosure proceedings as provided in division (D) of this section. The county treasurer shall pay the certificate holder interest at the rate of eighteen per cent per year on amounts paid under divisions (B)(2) and (3) of section 5721.37 of the Revised Code, beginning on the day the certificate holder paid the amounts under those divisions and ending on the day the parcel is redeemed under this section.

TLLG further references R.C. 5721.38(D)(1), which provides:

(D) (1) Immediately upon receipt of full payment under division (A) or (B) of this section, the county treasurer shall make an entry to that effect in the tax certificate register, credit the payment to the tax certificate redemption fund created in the county treasury, and shall notify the certificate holder or holders by ordinary first class or certified mail or by binary means that the parcel has been redeemed and the lien or liens canceled, and that payment on the certificate or certificates is forthcoming. The treasurer shall pay the tax certificate holder or holders promptly.

The county treasurer shall administer the tax certificate redemption fund for the purpose of redeeming tax certificates. Interest earned on the fund shall be credited to the county general fund. If the county has established a county land reutilization corporation, the county treasurer may apply interest earned on the fund to the payment of the expenses of such corporation.

There is nothing in the plain language of the statute that would impose a duty on the treasurer to make or ensure payment to the tax certificate holder's private counsel. The statute requires the property owners to pay the legal fees incurred by the lien holder, subject to the terms of R.C. 5732.371, as a prerequisite for redeeming their parcel and cancelling the lien(s) on it.

{¶10} TLLG concedes that it is proper for the treasurer to pay the tax certificate holder for amounts, including attorney fees, if the tax certificate holder has already paid its counsel. TLLG, however, maintains it is improper for the treasurer to pay the certificate holder for amounts it has incurred, but has yet to pay its counsel, for legal services. This is a distinction without a difference. The treasurer is not privy to the terms of the tax certificate holder's legal representation, including whether the tax lien holder has already paid some, all, or none of the attorney fees it owes to its attorney at the time the parcel is redeemed. The relevant inquiry therefore is whether the tax certificate holder has incurred the legal expenses, not whether they have actually been paid. The statute plainly directs the treasurer to notify the certificate holder upon receipt of full payment and to "pay the tax certificate holder or holders promptly." There is no provision that would authorize the treasurer to withhold, or pay any party besides the tax certificate holder, any part of the full payment.

{¶11} The treasurer has no clear legal duty to withhold the amounts of attorney fees collected pursuant to R.C. 5721.38 and has no authority to make distributions contrary to the statutory terms. The claim for mandamus fails on this ground.

**{¶12}** Further, TLLG has not established a lack of an adequate remedy at law. If Woods Cove fails to pay the amounts that are allegedly due and were collected for legal services that were rendered pursuant to the alleged agreement between the parties, TLLG has an adequate remedy at law through claims such as breach of contract or unjust enrichment. *Russell*, 64 Ohio St.3d at 538 (dismissal of mandamus action was affirmed because an action for breach of contract would be an adequate remedy at law).

**{¶13}** Respondent's motion to dismiss is granted. Relator to pay costs. The court directs the clerk of court to serve all parties with notice of this judgment and the date of entry upon the journal as required by Civ.R. 58(B).

**{¶14}** Complaint dismissed.


EILEEN T. GALLAGHER, JUDGE

FRANK D. CELEBREZZE JR., P.J., and
LARRY A. JONES, SR., J., CONCUR