[Cite as *Sine v. Saffold*, 2014-Ohio-4220.]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
**No. 101551**

## MICHAEL SHINE, #A 542-630, S/O EX REL.

RELATOR

vs.

## JEFFREY P. SAFFOLD, LAP

RESPONDENT

## JUDGMENT:
COMPLAINT DISMISSED

Writ of Mandamus
Order No. 478386
Motion No. 477314

**RELEASE DATE:** September 23, 2014

**FOR RELATOR**

Michael Shine
#542-630
Lorain Correctional Institution
2075 S. Avon Belden Road
Grafton, OH 44044


**ATTORNEY FOR RESPONDENT**

Jeffrey P. Saffold
75 Public Square
Suite 1414
Cleveland, OH 44113

TIM McCORMACK, J.:

**{¶1}**   On June 19, 2014, the relator, Michael Shine, commenced this mandamus action against the respondent, Jeffrey Saffold, to compel him to provide Shine with the whole discovery file in the underlying case, *State v. Shine*, Cuyahoga C.P. No. CR-07-498019-A.[1]   Saffold represented Shine in the underlying case, and Shine wants Saffold's entire file pursuant to Rule 1.16 of the Code of Professional Responsibility. On August 5, 2014, Shine moved for summary judgment on the grounds that Saffold, despite being served, never answered the mandamus complaint.   Saffold has not responded to the summary judgment motion.   Nevertheless, for the following reasons, this court denies the motion for summary judgment and dismisses the application for a writ of mandamus.

**{¶2}**   The requisites for mandamus are well established: (1) the relator must have a clear legal right to the requested relief, (2) the respondent must have a clear legal duty to perform the requested relief, and (3) there must be no adequate remedy at law.   *State ex rel. Ney v. Niehaus*, 33 Ohio St.3d 118, 515 N.E.2d 914 (1987).   Moreover, mandamus is an extraordinary remedy that is to be exercised with caution and only when the right is clear.   It should not issue in doubtful cases.   *State ex rel. Taylor v. Glasser* , 50 Ohio St.2d 165, 364 N.E.2d 1 (1977).

---

[1] In the underlying case, Shine pleaded guilty to multiple counts of aggravated murder, attempted murder, aggravated arson, burglary, felonious assault, and having a weapon while under disability.   The trial court imposed a sentence of 40 years to life.

{¶3} In the present case, Shine cannot fulfill the first requisite of mandamus, a clear legal right to Saffold's file. A client attempting to obtain information or records from his attorney concerns a private right against a private person. Mandamus does not lie to enforce a private right against a private person. *State ex rel. Pressley v. Indus. Comm.,* 11 Ohio St.2d 141, 28 N.E.2d 631 (1967), paragraph eight of the syllabus; and *State ex rel. Russell v. Duncan*, 64 Ohio St.3d 538, 597 N.E.2d 142 (1992). Specifically, mandamus does not lie to compel an attorney to turn over his file to his client or former client. *State ex rel. Ezelle v. Hilow*, 8th Dist. Cuyahoga No. 95943, 2010-Ohio-5621; *Claytor v. Tricarichi*, 8th Dist. Cuyahoga No. 92745, 2009-Ohio-953; and *State ex rel. Rodgers v. Riley,* 8th Dist. Cuyahoga No. 79977, 2001 Ohio App. LEXIS 3631 (Aug. 9, 2001). This court will not issue a writ of mandamus if the relator has no clear legal right to the requested relief.

{¶4} Relator also did not comply with R.C. 2969.25(C), which requires that an inmate file a certified statement from his prison cashier setting forth the balance in his private account for each of the preceding six months. This also is sufficient reason to deny the mandamus, deny indigency status and assess costs against the relator. *State ex rel. Pamer v. Collier*, 108 Ohio St.3d 492, 2006-Ohio-1507, 844 N.E.2d 842; and *Hazel v. Knab*, 130 Ohio St.3d 22, 2011-Ohio-4608, 955 N.E.2d 378.

{¶5} Accordingly, this court denies Shine's motion for summary judgment and dismisses his application for a writ of mandamus. Relator to pays costs. This court

directs the clerk of courts to serve all parties notice of this judgment and its date of entry upon the journal as required by Civ.R. 58(B).

{¶6} Writ dismissed.

_____
TIM McCORMACK, JUDGE

KATHLEEN ANN KEOUGH, P.J., and
MELODY J. STEWART, J., CONCUR

KEYWORDS: #

Mandamus; private right; attorney's file; and R.C. 2969.25. Mandamus will not lie to compel an attorney to turn over his file to his client or former client. Such is a private right, and mandamus will not lie to enforce private rights. Also relator did not comply with R.C. 2969.25(C) by not submitting the prison cashier's statement.