JOURNAL ENTRY and OPINION
{¶ 1} Defendant-appellant Kenneth Booker ("appellant") appeals from the trial court's decision adjudicating him a sexual predator. Having reviewed the arguments of the parties and the pertinent law, we hereby affirm the trial court.
 I. {¶ 2} According to the case at bar, on October 3, 1991, appellant was found guilty of rape, in violation of R.C. 2907.02, with a victim under the age of 13 in counts one and eight, and guilty of gross sexual imposition, in violation of R.C. 2907.05, with a victim under the age of 13, as charged in counts nine, ten and eleven of the indictment. Appellant was also found not guilty of one count of rape as reduced by a directed verdict under counts twelve and thirteen.
 {¶ 3} On September 9, 2003, the trial court ordered the warden of the Grafton Correctional Institution to provide the court with appellant's institutional record, including his master file, disciplinary record, job and lock assignments, all certificates, security classification, and all presentence and postsentence evaluations and reports. On October 17, 2003, the court ordered appellant to return from the Grafton Correctional Institution for an H.B. 180 evaluation of appellant by the court psychiatric clinic. The date of the hearing was continued at appellant's request. On December 15, 2003, the H.B. 180 hearing was held, and appellant was adjudicated a sexual predator. Appellant now appeals the trial court's sexual predator adjudication.
 II. {¶ 4} Appellant's first assignment of error states: "The court erred by adjudicating Mr. Booker a sexual predator in the absence of sufficient evidence that would establish by clear and convincing evidence the likelihood to engage in the future in a sexually oriented offense."
 {¶ 5} R.C. Chapter 2950 contains three primary provisions: classification, registration, and community notification. The first phase of H.B 180 took effect on January 1, 1997, when the General Assembly established a new classification system for convicted sex offenders. Under the new system, a sentencing court must determine whether sex offenders fall into one of the following classifications: (1) sexually oriented offender; (2) habitual sex offender; or (3) sexual predator. R.C. 2950.09. A sexually oriented offender is one who has committed a "sexually oriented offense," as that term is defined in R.C. 2950.01(D), but who does not fit the description of either habitual sex offender or sexual predator. A habitual sex offender is "a person who is convicted of or pleads guilty to a sexually oriented offense and who previously has been convicted of or pleaded guilty to one or more sexually oriented offenses." R.C.2950.01(B). Finally, a sexual predator is "a person who has been convicted of or pleaded guilty to committing a sexually oriented offense and is likely to engage in the future in one or more sexually oriented offenses." R.C. 2950.01(E).
 {¶ 6} In those cases where an offender is convicted of a violent sexually oriented offense and also of a specification alleging that he or she is a sexually violent predator, the sexual predator label attaches automatically. R.C. 2950.09(A). However, in all other cases of sexually oriented offenders, only the trial court may designate the offender as a predator, and it may do so only after holding a hearing where the offender is entitled to be represented by counsel, testify, and call and cross-examine witnesses. R.C. 2950.09(B)(1) and (C)(2).
 {¶ 7} In making a determination as to whether an offender is a sexual predator, the judge must consider all relevant factors, including, but not limited to, all of the following: the offender's age; prior criminal record; the age of the victim of the sexually oriented offense; whether the sexually oriented offense involved multiple victims; whether the offender used drugs or alcohol to impair the victim or prevent the victim from resisting; if the offender previously has been convicted of or pleaded guilty to any criminal offense, whether the offender completed any sentence imposed for the prior offense, and if the prior offense was a sex offense or a sexually oriented offense, whether the offender participated in available programs for sex offenders; any mental illness or mental disability of the offender; the nature of the offender's sexual conduct with the victim and whether that contact was part of a demonstrated pattern of abuse; whether the offender, during commission of the offense, displayed cruelty or threatened cruelty; and any additional behavioral characteristics that contribute to the offender's conduct. R.C. 2950.09(B)(2)(a) through (j).
 {¶ 8} The conclusion by the trial court that an offender is a sexual predator must be supported by clear and convincing evidence. R.C. 2950.09(B)(3). The offender and the prosecutor may appeal as a matter of right the judge's determination regarding sexual predator status. Id.
 {¶ 9} In sexual offender classification hearings, the trial court should consider the statutory factors listed in R.C.2950.09(B)(2), and should discuss on the record the particular evidence and factors upon which it relies in making its determination regarding the likelihood of recidivism. The three-step procedure for the court's use in sexual offender classification hearings is: (1) creation of a record for review, (2) appointment of an expert, if necessary, and (3) consideration of the factors of R.C. 2950.09(B)(2). State v. Eppinger (2001),91 Ohio St.3d 158.
 {¶ 10} Appellate review of the trial court's determination is limited to whether there is sufficient probative evidence to support the trier of fact's finding as a matter of law. State v.Thompkins (1997), 78 Ohio St.3d 380, 386. The court recognizes that "a trial judge, having heard the witnesses testify, was in far better position to evaluate their testimony than a reviewing court." State v. DeHass (1967), 10 Ohio St.2d 230.
 {¶ 11} The trial court acted properly in the case sub judice. The court met the R.C. 2950.09 requirements and relied on more than just a historical review of evidence before adjudicating appellant a sexual predator. Appellant argues that the trial court failed to place the R.C. 2950.09(B)(3) factors it considered on the record. However, we do not find this to be the case. The trial court acted properly and considered the appropriate factors on the record when it stated the following:
{¶ 12} "The court has considered all the evidence and allrelevant factors including those specified in Revised CodeSection 2950.09(B)(2).
 {¶ 13} "The defendant's age, defendant was born September22nd, 1969. * * * The defendant's prior criminal record regardingall offenses including, but not limited to all sexual offenses.The court notes that the defendant has no prior — has no criminalhistory prior to the charge in this case.
 {¶ 14} "The age of the victims of the sexually orientedoffenses. The victims were all under the age of 13, * * *. Thedefendant, as indicated, has no prior criminal record or historyof convictions. * * * Defendant did receive sex offendertreatment while in prison through the Magellan Program for twoand a half months, but did not complete this program because hedid not admit to committing these sexually motivated offenses —that should be sexually oriented offenses. * * *
 {¶ 15} "Defendant was given a provisional diagnosis ofpedophilia according to the court's exhibit 2, the sexualpredator evaluation performed by Michael Caso. The nature of thedefendant's sexual conduct, sexual contact or interaction orsexual contacts with the victim of the instant sexually orientedoffense, whether the sexual conduct, sexual contact orinteraction sexual contact with the victim is part of ademonstrated pattern of abuse, all victims were under the age often years old.
 {¶ 16} "The defendant engaged in oral sex with two of the boysand penetrated them anally from behind. * * * The sexual contactand interaction in the sexual contact with the victims wasapparently after a demonstrated pattern of abuse in that thedefendant forced himself upon the victims and held a position oftrust in babysitting them. Further, the defendant threatened toharm the children and their families if they told on him. * * *
 {¶ 17} "The victims were unrelated neighbors of the defendant;two victims were male; the defendant has never been married orresided with a significant other for at least two years; andqualifies for provisional DSM-IV for diagnosis of pedophilia. Seecourt's exhibit 2.
 {¶ 18} "Other relevant factors, the nature of conduct in thatdefendant used the victims trusting him to gain access and imposehimself upon them and promises of candy or threats of harm totheir families or to them were made to prevent them from tellinganyone about the abuse. * * *
 {¶ 19} "After reviewing all the testimony and evidencepresented at the hearing and the factors set forth above, thecourt finds by clear and convincing evidence that the defendanthas been convicted of or pleaded guilty to committing sexuallyoriented offenses and is likely to go engage in the future in oneor more sexually oriented offenses. The court made thisdetermination pursuant to 2950.09(B) and it is ordered to be sospecified in the offender sentence and the judgment andconviction. The court has and will right now provide the noticeto the defendant of his responsibilities pursuant to Revised CodeSection 2950.04, 2950.05, 2950.06, 2950.07 as set forth inRevised Code Section 2950.03."[1]
 {¶ 20} The record above clearly demonstrates that the trial court considered the necessary factors and properly articulated its basis for adjudication. We find that the trial court acted properly, and we find sufficient evidence to establish by clear and convincing evidence appellant's likelihood to engage in the future in a sexually oriented offense.
 {¶ 21} Appellant's first assignment of error is overruled.
 {¶ 22} Appellant's second assignment of error states: "R.C.2950.01 et seq., as amended by Senate Bill 5 and applied to Mr. Booker violates Art. I, Sec. 10, of the United States Constitution as ex post facto legislation, and violates Art. II, Sec. 28, of the Ohio Constitution as retroactive legislation."
 {¶ 23} The Supreme Court of Ohio in State v. Cook (1998),83 Ohio St.3d 404, determined that (1) registration and address verification procedures contained in R.C. 2950 are de minimis procedural requirements necessary to achieve the statute's remedial goals, and thus do not violate the retroactivity clause of the Ohio Constitution; and (2) retroactive application of the statute does not result in punishment and thus does not violate the ex post facto clause.
 {¶ 24} "Thus, R.C. Chapter 2950, on its face, clearly is not punitive because it seeks to `protect the safety and general welfare of the people of this state,' which is a `paramount governmental interest.' R.C. 2950.02(B) and (A)(2)." Id.
 {¶ 25} As this issue has already been addressed and decided by the Supreme Court of Ohio, this assignment of error is without merit. Accordingly, appellant's second assignment of error is overruled.
 {¶ 26} Appellant's third assignment of error states: "R.C.2950.01, et seq., as amended by Senate Bill 5 and applied to Mr. Booker violates Article I, Section I of the Ohio Constitution as an unreasonable infringement upon Mr. Booker's personal liberties."
 {¶ 27} Appellant claims that it is unduly oppressive to register as a sexual predator every ninety days for the rest of his life and that such registration interferes with an individual's private rights. We do not find this to be the case.
 {¶ 28} The Supreme Court of Ohio addressed constitutional issues with respect to H.B. 180 in State v. Williams (2000),88 Ohio St.3d 513. Williams held that R.C. 2950 was constitutional, neither violating the prohibitions against double jeopardy, bills of attainder or equal protection under both the federal and state constitutions. The court also determined that R.C. 2950 did not violate a citizen's rights under Section 1, Article I, Ohio Constitution nor did it violate a convicted sex offender's right of privacy. Although it impacted the lives of convicted sex offenders, R.C. 2950 addressed legitimate governmental interests without a detrimental effect on individual constitutional rights. Id.
 {¶ 29} The United States Supreme Court also determined that the registration requirement for public disclosure of internet registry of sex offenders is based on previous conviction and thus does not violate privacy interest. Connecticut Dept. ofPublic Safety v. Doe (2003), 123 S.Ct. 1160. Therefore, we find appellant's claim to be without merit.
 {¶ 30} Appellant's third assignment of error is overruled.
Judgment affirmed.
It is ordered that appellee recover of appellant its costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the Cuyahoga County Court of Common Pleas to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
Corrigan, A.J., and Rocco, J., Concur.
[1] Tr. 27-33.