ORIGINAL ACTION JOURNAL ENTRY AND OPINION
{¶ 1} Relator, Virgil B. Jones, is the defendant in State v.Jones, Cuyahoga County Court of Common Pleas Case No. CR-461253. Respondent, John P. Luskin, is an attorney in private practice and one of the attorneys representing Jones in Case No. CR-461253. Jones avers that he has requested that Luskin "turn over to Relator" all filings made in Case No. CR-461253. Jones requests that this court issue a writ of mandamus compelling Luskin to provide Jones with the filings. For the reasons stated below, we dismiss this action sua sponte for failure to state a claim upon which relief can be given.
 {¶ 2} In State ex rel. Tierney v. Jamieson, Cuyahoga App. No. 80302, 2001-Ohio-4148, respondent Jamieson was representing relator Tierney in an appeal before this court. Tierney requested that this court issue a writ of mandamus compelling Jamieson to provide Tierney with copies of the transcript and briefs in the appeal. The Tierney court observed that the relator was attempting to enforce a private right against a private person and dismissed the action sua sponte.
 {¶ 3} Similarly, in this action, Jones is attempting to enforce a private right against a private person, an attorney in private practice who is representing Jones. Given the clear, well-established authority of Tierney, we dismiss this action sua sponte for failure to state a claim upon which relief can be given.
 {¶ 4} Relator's complaint is also defective.
"* * * Additionally, relator `did not file an R.C. 2969.25(A) affidavit describing each civil action or appeal of a civil action he had filed in the previous five years in any state or federal court and also did not file an R.C. 2969.25(C) certified statement by his prison cashier setting forth the balance in his private account for each of the preceding six months.' State exrel. Hunter v. Cuyahoga Cty. Court of Common Pleas (2000),88 Ohio St.3d 176, 177, 724 N.E.2d 420, 421. As a consequence, we deny relator's claim of indigency and order him to pay costs.Id. at 420."
State ex rel. Bristow v. Sidoti (Dec. 1, 2000), Cuyahoga App. No. 78708, at 3-4. Likewise, in this action, relator has failed to support his complaint with the affidavit required by R.C.2969.25(A). We, therefore, deny his claim of indigency and order him to pay costs. Additionally, "[t]he failure to comply with R.C. 2969.25 warrants dismissal of the complaint for a writ of mandamus. State ex rel. Zanders v. Ohio Parole Board (1998),82 Ohio St.3d 421, 696 N.E.2d 594 and State ex rel. Alford v.Winters (1997), 80 Ohio St.3d 285, 685 N.E.2d 1242." State exrel. Hite v. State, Cuyahoga App. No. 79734, 2002-Ohio-807, at 6. Similarly, relator has failed to comply with Loc.App.R. 45(B)(1)(a), which requires that complaints in original actions be supported by an affidavit from the plaintiff or relator specifying the details of the claim. State ex rel. Hightower v.Russo, Cuyahoga App. No. 82321, 2003-Ohio-3679.
 {¶ 5} We also note that, despite the fact that this action has been pending for more than six months, Jones has not secured service of process on Luskin. Cf. Civ.R. 4(E).
 {¶ 6} Accordingly, we dismiss this action sua sponte for failure to state a claim upon which relief can be granted. Relator to pay costs. The clerk is directed to serve upon the parties notice of this judgment and its date of entry upon the journal. Civ.R. 58(B).
Writ dismissed.
Ann Dyke, A.J., concurs Michael J. Corrigan, J., concurs.