JOURNAL ENTRY AND OPINION
{¶ 1} On February 3, 2009, the petitioner, Justin Claytor, commenced this mandamus action against the respondent, Carla Tricarichi, a private attorney, to compel her to give him the trial transcripts in State ofOhio v. Justin Claytor, Cuyahoga County Common Pleas Court Case No. CR-206272. Claytor asserts that Tricarichi has possession of the transcript and that, pursuant to the legal principle that an indigent appellant is entitled to a free transcript, Tricarichi has the duty to give him the transcript. For the following reasons, this court denies the application for a writ of mandamus, sua sponte.
 {¶ 2} Mandamus will not lie to enforce a private right against a private person. State ex rel. Pressley v. Indus. Comm. (1967),11 Ohio St.2d 141, 228 N.E.2d 632, paragraph eight of the syllabus. A client's seeking to obtain records from his lawyer concerns a private right against a private person. In State ex rel. Tierney v. Jamieson, Cuyahoga App. No. 80302, 2001-Ohio-4148, this court sua sponte dismissed a criminal defendant's mandamus action seeking to compel his attorney to *Page 3 
provide him with copies of the transcript and briefs in Tierney's appeal. See, also, State ex rel. Rodgers v. Riley (Aug. 9, 2001), Cuyahoga App. No. 79977 — sua sponte dismissal of a criminal defendant's mandamus action seeking to compel his attorney to give him various court records, including transcripts of certain hearings; State ex rel. Jonesv. Luskin, Cuyahoga App. No. 87185, 2006-Ohio-3686-mandamus to compel attorney to turn over all filings in underlying criminal case denied; and Booker v. Christman, Cuyahoga App. No. 84330, 2004-Ohio-6572, andState ex rel. Grahek v. McCafferty, Cuyahoga App. No. 88614, 2006-Ohio-4741-mandamus actions to compel lawyers to release case files denied.
 {¶ 3} Moreover, the petition is defective because it is improperly captioned. Claytor styled this petition as "Justin Claytor v. Attorney, Carla Tricarichi." R.C. 2731.04 requires that an application for a writ of mandamus "must be by petition, in the name of the state on the relation of the person applying." This failure to properly caption a mandamus action is sufficient grounds for denying the writ and dismissing the petition. Maloney v. Court of Common Pleas ofAllen County (1962), 173 Ohio St. 226, 181 N.E.2d 270.
 {¶ 4} Additionally, the relator failed to support his complaint with an affidavit "specifying the details of the claim" as required by Local Rule 45(B)(1)(a). A "swear to everything" affidavit, in which the affiant says that the statements in the complaint are true, does not specify the details of the claim. State ex rel. Wilson v. Calabrese *Page 4 
(Jan. 18, 1996), Cuyahoga App. No. 70077, unreported and State ex rel.Smith v. McMonagle (July 17, 1996), Cuyahoga App. No. 70899, unreported.
 {¶ 5} Accordingly, this court denies the application for a writ of mandamus. Costs assessed against relator. The clerk is directed to serve upon the parties notice of this judgment and its date of entry upon the journal. Civ. R. 58(B).
 ANN DYKE, P.J., and JAMES J. SWEENEY, J., CONCUR. *Page 1