[Cite as *State ex rel. Bryant v. Thompson*, 2011-Ohio-5281.]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
**No. 97057**

## STATE OF OHIO, EX REL., WILLIAM BRYANT

RELATOR

vs.

## WILLIAM W. THOMPSON, IV, ET AL.

RESPONDENTS

### JUDGMENT:
### COMPLAINT DISMISSED

Writ of Mandamus
Motion No. 447101
Order No. 448244

**RELEASE DATE:** October 12, 2011

**FOR RELATOR**

William Bryant, pro se
Inmate No. A584-123
Mansfield Correctional Institution
1150 North Main Street
P.O. Box 788
Mansfield, Ohio 44901-0788

**ATTORNEYS FOR RESPONDENT**

William W. Thompson, IV
Assistant Public Defender

BY: John Martin
Assistant Public Defender
310 Lakeside Avenue, Suite 200
Cleveland, Ohio 44113

Ralph T. DeFranco, pro se
55 Public Square
Suite 1600
Cleveland, Ohio 44113

LARRY A. JONES, J.:

{¶ 1} William Bryant has filed a complaint for a writ of mandamus. Bryant

seeks an order from this court, which requires William W. Thompson, IV, an

attorney employed by the Cuyahoga County Public Defenders Office, and Ralph T.

DeFranco, an attorney in private practice licensed to practice law within the state of

Ohio, to produce copies of "journal/judgment entries, discovery packets, indictments, bill of particulars, and transcripts of all pretrial, preliminary and trial hearings" with regard to the criminal actions of *State v. Bryant*, Cuyahoga County Court of Common Pleas Case Nos. CR-491840 and CR-518876.   For the following reasons, we dismiss Bryant's complaint for a writ of mandamus.

{¶ 2}   Initially, we find that Bryant's complaint for a writ of mandamus is procedurally defective.  Loc.App.R. 45(B)(1)(a) mandates that a complaint for an extraordinary writ must be supported by a sworn affidavit that specifies the details of Bryant's claim.   The failure of Bryant to comply with the supporting affidavit requirement of Loc.App.R. 45(B)(1)(a) requires the dismissal of the complaint for a writ of mandamus.  *State ex rel. Leon v. Cuyahoga Cty. Court of Common Pleas,* Cuyahoga App. No. 92826, 2009-Ohio-1612*, affirmed,* 123 Ohio St.3d 124, 2009-Ohio-4688, 914 N.E.2d 402; *State ex rel. Smith v. McMonagle* (Jul. 17, 1996), Cuyahoga App. No. 70899; *State ex rel. Wilson v. Calabrese* (Jan. 18, 1996), Cuyahoga App. No. 70077.

{¶ 3}   In addition, R.C. 2969.25(C) mandates that an inmate, who files a civil action or appeal against a government entity or employee and seeks a waiver of the prepayment of the filing fees assessed by the court in which the action or appeal is filed, shall file with the complaint or notice of appeal an affidavit of indigency that includes a statement setting forth the balance in his inmate account for each of the

preceding six months, as certified by the institutional cashier.

{¶ 4} The Supreme Court of Ohio, with regard to the mandatory affidavit and institutional cashier statement requirements of R.C. 2969.25(C), has recently established that:

{¶ 5} "We affirm the judgment of the court of appeals dismissing the petition of appellant, * * *, for a writ of habeas corpus to compel his release from prison. As the court of appeals correctly held, [appellant's] petition was **defective** because although he filed an affidavit of indigency and sought waiver of prepayment of the court's filing fees, he failed to include in his affidavit of indigency a statement setting forth the balance in his inmate account for each of the preceding six months, as certified by the institutional cashier, in violation of R.C. 2969.25(C). '**The requirements of R.C. 2969.25 are mandatory, and failure to comply with them subjects an inmate's action to dismissal.**' *State ex rel. White v. Bechtel*, 99 Ohio St.3d 11, 2003-Ohio-2262, 788 N.E.2d 634, ¶5. **[Appellant's] subsequent filing of the statement did not cure the defect.** See R.C. 2969.25(C); see, also, *Fuqua v. Williams*, 100 Ohio St.3d 211, 2003-Ohio-5533, 797 N.E.2d 982, ¶9. * * *." *Hazel v. Knab*, Ohio Supreme Court Slip Opinion No. 2011-Ohio-4608, ¶ 1. (Emphasis added.)

{¶ 6} Herein, Bryant has failed to comply with the mandatory requirements of R.C. 2969.25(C) because he has not provided this court with a sworn affidavit

that sets forth the balance in his inmate account for each of the preceding six months, as certified by the institutional cashier of the Mansfield Correctional Institution. In addition, Bryant is unable to cure the defective complaint for a writ of mandamus vi-a-vis an amended complaint. See *Hazel*, supra.

{¶ 7} Finally, mandamus will not lie to enforce a private right against a private person. *State ex rel. Pressley v. Indus. Comm.* (1967), 11 Ohio St.2d 141, 228 N.E.2d 632. A client seeking to obtain records from his lawyer concerns a private right against a private person. *Claytor v. Tricarichi*, Cuyahoga App. No. 92745, 2009-Ohio-953. Mandamus may not be employed to obtain documents or records from an attorney that is in private practice. *State ex rel. Grahek v. McCafferty*, Cuyahoga App. No. 88614, 2006-Ohio-4741; *State ex rel. Jones v. Luskin*, Cuyahoga App. No. 87185, 2006-Ohio-3686; *Booker v. Christman*, Cuyahoga App. No. 84330, 2004-Ohio-6572; *State ex rel. Tierney v. Jamieson*, Cuyahoga App. No. 80302, 2001-Ohio-4148; *State ex rel. Rodgers v. Riley* (Aug. 9, 2001), Cuyahoga App. No. 79977.

{¶ 8} Accordingly, we dismiss Bryant's complaint for a writ of mandamus. Costs to Bryant. It is further ordered that the Clerk of the Eighth District Court of Appeals serve notice of this judgment upon all parties as required by Civ.R. 58(B).

Complaint dismissed.

_____
LARRY A. JONES,   JUDGE

MARY EILEEN KILBANE, A.J., and
PATRICIA A. BLACKMON, J., CONCUR