[Cite as *State v. Wynn*, 2017-Ohio-659.]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
**No. 105205**

## STATE OF OHIO

RESPONDENT

vs.

## ANTOINNE WYNN

RELATOR

**JUDGMENT:**
WRIT DENIED

Writ of Mandamus
Motion No. 502939
Order No. 503808

**RELEASE DATE:** February 17, 2017

**FOR RELATOR**

Antoinne Wynn, pro se
Inmate No. A674993
Madison Correctional Institution
P.O Box 740
London, Ohio   43140


**ATTORNEYS FOR RESPONDENT**

Michael C. O'Malley
Cuyahoga County Prosecutor
By:    James E. Moss
Owen M. Patton
Assistant County Prosecutors
The Justice Center
1200 Ontario Street
Cleveland, Ohio   44113

MELODY J. STEWART, P.J.:

**{¶1}** On November 29, 2016, the relator, Antoinne Wynn, commenced this mandamus action to compel his court-appointed appellate attorney (1) to add Wynn's suggested assignments of error to the appellant's brief in *State v. Wynn*, 8th Dist. Cuyahoga No. 103824 ("the appeal") and (2) to send him (Wynn) copies of all the documents and attachments in the appeal and a copy of all the pretrial transcripts in *State v. Wynn*, Cuyahoga C.P. No. CR-15-595910-A. Wynn also "desires return of the copy to [sic] journal entry file to Defendant's waiver of counsel form filed but not yet endorsed upon to [sic] by the signature of the presiding Judge on Sept. 14, 2015 * * *." (Complaint p. 9-10.) Wynn captioned his mandamus action as "*State of Ohio v. Antoinne Wynn.*" For the following reasons, this court sua sponte denies the application for a writ of mandamus.

**{¶2}** First, Wynn improperly captioned his mandamus action, using the caption of his criminal case. R.C. 2731.04 requires that an application for a writ of mandamus "must be by petition, in the name of the state on the relation of the person applying." This failure to properly caption a mandamus action is sufficient grounds for denying the writ and dismissing the petition. *Maloney v. Court of Common Pleas of Allen Cty.*, 173 Ohio St. 226, 181 N.E.2d 270 (1962). Moreover, the failure to caption the case correctly creates uncertainty as to the identity of the respondent.[1] This court has held that this

---

[1]The Cuyahoga County prosecutor, apparently out of an abundance of caution because the state of Ohio may have been the named respondent, filed a motion for summary judgment. This court denies that motion as moot.

deficiency alone also warrants dismissal. *State ex rel. Calloway v. Court of Common Pleas of Cuyahoga Cty.,* 8th Dist. Cuyahoga No. 71699, 1997 Ohio App. LEXIS 79452 (Feb. 27, 1997); *Jordan v. Cuyahoga Cty. Court of Common Pleas,* 8th Dist. Cuyahoga No. 96013, 2011-Ohio-1813.

**{¶3}** The requisites for mandamus are well established: (1) the relator must have a clear legal right to the requested relief, (2) the respondent must have a clear legal duty to perform the requested relief, and (3) there must be no adequate remedy at law, such as appeal. *State ex rel. Ney v. Niehaus*, 33 Ohio St.3d 118, 515 N.E.2d 914 (1987). Mandamus is an extraordinary remedy that is to be exercised with caution and only when the right is clear. It should not issue in doubtful cases. *State ex rel. Taylor v. Glasser*, 50 Ohio St.2d 165, 364 N.E.2d 1 (1977); *State ex rel. Shafer v. Ohio Turnpike Comm.*, 159 Ohio St. 581, 113 N.E.2d 14 (1953); *State ex rel. Connole v. Cleveland Bd. of Edn.*, 87 Ohio App.3d 43, 621 N.E.2d 850 (8th Dist.1993).

**{¶4}** Although mandamus should be used with caution, the court has discretion in issuing it. In *State ex rel. Pressley v. Indus. Comm. of Ohio*, 11 Ohio St.2d 141, 228 N.E.2d 631 (1967), paragraph seven of the syllabus, the Supreme Court of Ohio ruled that "in considering the allowance or denial of the writ of mandamus on the merits, [the court] will exercise sound, legal and judicial discretion based upon all the facts and circumstances in the individual case and the justice to be done." The court elaborated that in exercising that discretion the court should consider

> the exigency which calls for the exercise of such discretion, the nature and extent of the wrong or injury which would follow a refusal of the writ, and

other facts which have a bearing on the particular case. * * * Among the facts and circumstances which the court will consider are the applicant's rights, the interests of third persons, the importance or unimportance of the case, the applicant's conduct, the equity and justice of the relator's case, public policy and the public's interest, whether the performance of the act by the respondent would give the relator any effective relief, and whether such act would be impossible, illegal, or useless.

11 Ohio St.2d at 161-162.

{¶5} Mandamus will not lie to enforce a private right against a private person. *Id.* at paragraph eight of the syllabus. A client's seeking to obtain records from his lawyer concerns a private right against a private person. In *State ex rel. Tierney v. Jamieson*, 8th Dist. Cuyahoga No. 80302, 2001-Ohio-4148, this court sua sponte dismissed a criminal defendant's mandamus action seeking to compel his attorney to provide him with copies of the transcript and briefs in Tierney's appeal. *See also State ex rel. Rodgers v. Riley*, 8th Dist. Cuyahoga No. 79977, 2001 Ohio App.LEXIS 3631 (Aug. 9, 2001) — sua sponte dismissal of a criminal defendant's mandamus action seeking to compel his attorney to give him various court records, including transcripts of certain hearings; *State ex rel. Jones v. Luskin*, 8th Dist. Cuyahoga No. 87185, 2006-Ohio-3686 — mandamus to compel attorney to turn over all filings in underlying criminal case denied; *Booker v. Christman*, 8th Dist. Cuyahoga No. 84330, 2004-Ohio-6572, and *State ex rel. Grahek v. McCafferty*, 8th Dist. Cuyahoga No. 88614, 2006-Ohio-4741 — mandamus actions to compel lawyers to release case files denied. Accordingly, Wynn's mandamus claim to compel his appellate attorney to send him the records is not well founded.

{¶6} Similarly, the principle that mandamus will not lie to enforce a private right against a private person also precludes the use of mandamus to compel the appellate attorney to include Wynn's requested assignments of error in the brief.[2] Wynn reliance on *Faretta v. California,* 422 U.S. 806, 95 S.Ct. 2525, 45 L.Ed.2d 562 (1974), is misplaced. *Faretta* stands for the proposition that an individual has the right of self-representation, not that a client can insist that an appellate counsel include certain arguments in a brief. Rather, in *Jones v. Barnes*, 463 U.S. 745, 751-752, 103 S.Ct. 3308, 77 L.Ed.2d 987 (1983), the United States Supreme Court upheld the appellate advocate's prerogative to decide strategy and tactics by selecting what he thinks are the most promising arguments out of all possible contentions. The Court noted, "Experienced advocates since time beyond memory have emphasized the importance of winnowing out weaker arguments on appeal and focusing on one central issue if possible, or at most on a few key issues."

{¶7} Finally, the court in its discretion declines to grant a writ of mandamus for Wynn's third claim because it is difficult to discern what relief he is seeking. To the extent that he seeks a copy of the subject journal entry, the claim is moot because Wynn received a copy of it as an attachment to the prosecutor's summary judgment motion.[3]

---

[2]In the appeal, this court permitted Wynn to file a supplemental brief not to exceed ten pages. Instead, Wynn filed a 31-page brief. This court struck that brief for failing to comply with the court's order, but allowed him to file a complying brief within 17 days. He did not do so.

[3]The September 14, 2015 journal entry consists of two pages. The first states: "Defendant's waiver of counsel signed, attached and ordered filed. OSJ." It is file-stamped September 14, 2015; it contains a signature line for the judge, but there is no signature. The second page, also file-stamped

Scrutiny of his demand allows for other interpretations, such as seeking a declaration that the waiver was invalid because the judge did not sign the first page, or that the clerk should strike it from the record because it is invalid, or that it should be signed and then recorded on the docket. Given this uncertainty, mandamus will not lie.

{¶8} Accordingly, this court denies the application for a writ of mandamus. Relator to pay costs. This court directs the clerk of courts to serve all parties notice of this judgment and its date of entry upon the journal as required by Civ.R. 58(B).

{¶9} Writ denied.

_____

MELODY J. STEWART, PRESIDING JUDGE

MARY J. BOYLE, J., and
PATRICIA ANN BLACKMON, J., CONCUR

---

September 14, 2015, contains three paragraphs showing that Wynn knowingly and voluntarily waived his right to counsel, and it contains both the judge's and Wynn's signatures.