[Cite as *Turner v. Turner*, 2023-Ohio-1575.]

**COURT OF APPEALS OF OHIO**

**EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA**

JEFFREY F. TURNER, SR.,                    :

     Relator,                              :

     v.                                        :

NINA TURNER,                                  :

     Respondent.                        :

No. 112662

---

JOURNAL ENTRY AND OPINION

**JUDGMENT:** WRIT DENIED
**DATED:** May 5, 2023

---

Writ of Certiorari
Order No. 564077

---

***Appearances:***

Jeffrey F. Turner, Sr., *pro se.*

MARY J. BOYLE, J.:

{¶ 1} On April 28, 2023, Jeffrey F. Turner, Sr. commenced an action he termed a writ of certiorari relating to the underlying case, *Turner v. Turner,* Cuyahoga D.R. No. DR-22-388761. For the following reasons, this court dismisses this writ action, sua sponte.

{¶ 2} First, Art. IV, § 3(B) of the Ohio Constitution vests the court of appeals with jurisdiction over only the following five writs: quo warranto, mandamus, habeas corpus, prohibition, and procedendo. As a corollary, this court does not have jurisdiction to adjudicate a writ of certiorari.

{¶ 3} Turner did not caption his case. The failure to caption a writ case creates uncertainty as to the identity of the respondent and to the nature of the relief sought. This court has held that this deficiency alone also warrants dismissal. *State ex rel. Calloway v. Court of Common Pleas of Cuyahoga Cty.,* 8th Dist. Cuyahoga No. 71699, 1997 Ohio App. LEXIS 79452 (Feb. 27, 1997); *Jordan v. Cuyahoga Cty. Court of Common Pleas,* 8th Dist. Cuyahoga No. 96013, 2011-Ohio-1813.

{¶ 4} Moreover, it is difficult to discern what relief Turner is seeking: Does he want this court to review the entire underlying case, does he want a review of the October 11, 2022 hearing; does he want an order for the judge to proceed pursuant to the judicial canons; does he want proper service for hearings; is he questioning venue; does he want this court to vacate an order related to the October 11, 2022 hearing; does he want an investigation into the judge's conduct; or something else. "If a relator has failed to present clearly the claims asserted and the relief requested, this court may enter judgment against the relator." *State v. Byrge,* 8th Dist. Cuyahoga No. 92979, 2009-Ohio-4376, ¶ 2, and *State v. Wynn,* 8th Dist. Cuyahoga No. 105205, 2017-Ohio-659.

{¶ 5} Accordingly, this court dismisses Turner's application for a writ of mandamus. Jeffrey F. Turner, Sr. to pay costs. This court directs the clerk of courts

to serve all parties notice of the judgment and its date of entry upon the journal as required by Civ.R. 58(B).

{¶ 6} Writ dismissed.

_____
MARY J. BOYLE, JUDGE

EILEEN A. GALLAGHER, P.J., and
MICHELLE J. SHEEHAN, J., CONCUR