[Cite as *Turner v. Turner*, 2023-Ohio-1574.]

## COURT OF APPEALS OF OHIO

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

| | | |
|---|---|---|
| JEFFREY F. TURNER, SR., | : | |
| Relator, | : | |
| | : | No. 112661 |
| v. | : | |
| NINA TURNER, | : | |
| Respondent. | : | |

JOURNAL ENTRY AND OPINION

**JUDGMENT:** WRIT DENIED
**DATED:** May 5, 2023

Writ of Mandamus
Order No. 564076

## *Appearances:*

Jeffrey F. Turner, Sr., *pro se.*

MARY J. BOYLE, J.:

{¶ 1} On April 28, 2023, Jeffrey F. Turner, Sr., commenced what he termed a mandamus action relating to the underlying case, *Turner v. Turner,* Cuyahoga D.R. No. DR-22-388761. For the following reasons, this court dismisses the writ action, sua sponte.

{¶ 2} First, Turner did not caption his case. R.C. 2731.04 requires that an application for a writ of mandamus "must be by petition, in the name of the state on the relation of the person applying." This failure to properly caption a mandamus action is sufficient grounds for denying the writ and dismissing the petition. *Maloney v. Court of Common Pleas of Allen Cty.*, 173 Ohio St. 226, 181 N.E.2d 270 (1962). Moreover, the failure to caption the case correctly creates uncertainty as to the identity of the respondent. This court has held that this deficiency, which can cause uncertainty about the relief sought, warrants dismissal. *State ex rel. Calloway v. Court of Common Pleas of Cuyahoga Cty.,* 8th Dist. Cuyahoga No. 71699, 1997 Ohio App. LEXIS 79452 (Feb. 27, 1997); *Jordan v. Cuyahoga Cty. Court of Common Pleas,* 8th Dist. Cuyahoga No. 96013, 2011-Ohio-1813.

{¶ 3} The requisites for mandamus are well established: (1) the relator must have a clear legal right to the requested relief, (2) the respondent must have a clear legal duty to perform the requested relief and (3) there must be no adequate remedy at law. *State ex rel. Ney v. Niehaus,* 33 Ohio St.3d 118, 515 N.E.2d 914 (1987). It is difficult to discern what right Turner is seeking to enforce: whether he seeks a ruling on his motion for temporary support, a default judgment on the motion, a default judgment on the entire case, an order that the judge comply with the judicial canons, an investigation into the judge's conduct, or something else. "If a relator has failed to present clearly the claims asserted and the relief requested, this court may enter judgment against the relator." *State v. Byrge,* 8th Dist.

Cuyahoga No. 92979, 2009-Ohio-4376, ¶ 2, and *State v. Wynn,* 8th Dist. Cuyahoga No. 105205, 2017-Ohio-659.

{¶ 4} Accordingly, this court dismisses Turner's application for a writ of mandamus. Jeffrey F. Turner, Sr. to pay costs. This court directs the clerk of courts to serve all parties notice of the judgment and its date of entry upon the journal as required by Civ.R. 58(B).

{¶ 5} Writ dismissed.

_____
MARY J. BOYLE, JUDGE

EILEEN A. GALLAGHER, P.J., and
MICHELLE J. SHEEHAN, J., CONCUR