[Cite as *State v. Brooks*, 2023-Ohio-1677.]

## COURT OF APPEALS OF OHIO

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

STATE OF OHIO,                          :

    Respondent,                  :

                                            No. 112533

    v.                                :

PATRICK T. BROOKS,                     :

    Relator.                     :

---

JOURNAL ENTRY AND OPINION

**JUDGMENT:** COMPLAINT DISMISSED
**DATED:** May 12, 2023

---

Writ of Mandamus
Order No. 563967
Motion No. 563285

---

### *Appearances:*

Michael C. O'Malley, Cuyahoga County Prosecuting Attorney, and James E. Moss, Assistant Prosecuting Attorney, *for respondent.*

Patrick T. Brooks, *pro se.*

SEAN C. GALLAGHER, J.:

{¶ 1} On March 21, 2023, the relator, Patrick T. Brooks, commenced a mandamus action that he captioned "State of Ohio v. Patrick T. Brooks." The

following is the wording of his complaint:

> Now comes Defendant, Patrick T. Brooks, in Pro se, seeking an Order from this Court to comply with the rules of Court when a Defendant file for "Notice of Appeal. Defendant filed an Appeal under Case No. CR-17-624079-A last Dec. 14, 2022, which was filed by the Clerk of Courts, the Courts has refused to grant Defendant an Appeal of right, on his Motion under Crim R. 33(A), for a new trial due to Counsel's failure to investigate Defendant's case and file a Motion for a suppression hearing. The Plaintiff has stated that Defendant never filed a Motion in the Court, but has sent Defendant a bill for Court cost on Jan. 26, 2023, this the reason that Defendant is filing this Motion for an Order for the Court to take "Judicial Notice" due to the facts of this Complaint.

On March 31, 2023, the state of Ohio as respondent moved to dismiss on procedural deficiencies and failure to state a claim. Brooks filed his opposition on April 24, 2023. For the following reasons, this court grants the motion to dismiss.

{¶ 2} First, the petition is defective because it is improperly captioned. Brooks styled this petition as "State of Ohio v. Patrick T. Brooks." R.C. 2731.04 requires that an application for a writ of mandamus "must be by petition, in the name of the state on the relation of the person applying." This failure to properly caption a mandamus action is sufficient grounds for denying the writ and dismissing the petition. *Maloney v. Court of Common Pleas of Allen Cty.*, 173 Ohio St. 226, 181 N.E.2d 270 (1962). Moreover, the failure to caption the case correctly creates uncertainty as to the identity of the respondent. This court has held that this deficiency alone also warrants dismissal. *State ex rel. Calloway v. Court of Common Pleas of Cuyahoga Cty.,* 8th Dist. Cuyahoga No. 71699, 1997 Ohio App. LEXIS 79452 (Feb. 27, 1997); *Jordan v. Cuyahoga Cty. Court of Common Pleas,* 8th Dist. Cuyahoga No. 96013, 2011-Ohio-1813. In the present case, this court is not

certain whether the respondent is the state of Ohio, the prosecutor, the clerk of courts, the common pleas court, or this court of appeals. This makes it nearly impossible to discern the right and duty sought to be enforced.[1]

{¶ 3} Brooks also did not comply with R.C. 2969.25(C), which requires that an inmate file a certified statement from his prison cashier setting forth the balance in his private account for each of the preceding six months. This also is sufficient reason to deny the mandamus, deny indigency status, and assess costs against the relator. *State ex rel. Pamer v. Collier*, 108 Ohio St.3d 492, 2006-Ohio-1507, 844 N.E.2d 842; *State ex rel. Hunter v. Cuyahoga Cty. Court of Common Pleas*, 88 Ohio St.3d 176, 724 N.E.2d 420 (2000); and *Hazel v. Knab*, 130 Ohio St.3d 22, 2011-Ohio-4608, 955 N.E.2d 378 — the defect may not be cured by subsequent filings.

{¶ 4} In his brief in opposition, Brooks argues that R.C. 2969.25 is inapplicable because he is in a private prison. However, the North Central Correctional Complex, which he identifies in his address, is a state correctional facility and the statute applies. Furthermore, his reliance on *Lockley v. Lake Erie Corr. Inst.*, Ct. of Cl. No. 2005-09880-AD, 2005-Ohio-6815, is misplaced. That case concerns the liability of independent contractors with the state of Ohio and the jurisdiction of the court of claims. It never mentions R.C. 2969.25.

---

[1] The requisites for mandamus are well established: (1) the relator must establish a clear legal right to the requested relief; (2) the respondent must have a clear legal duty to perform the requested relief; and (3) the relator has or had no adequate remedy at law. *State ex rel. Tran v. McGrath*, 78 Ohio St.3d 45, 676 N.E.2d 108 (1997).

{¶ 5} It is difficult to discern what relief Brooks seeks. To the extent that he seeks an adjudication of an appeal he filed on December 14, 2022, *State v. Brooks,* 8th Dist. Cuyahoga No. 112223, his claim is not well founded. This court notes that in the underlying case, *State v. Brooks,* Cuyahoga C.P. No. CR-17-624079-A, he pleaded guilty to seven counts of rape, three counts of gross sexual imposition, and three counts of kidnapping, and in August 2018, the trial court sentenced him to 30 years in prison. On March 15, 2019, Brooks moved to withdraw his guilty plea, and the court denied that motion on March 25, 2019. Brooks moved for a new trial on October 1, 2021; he argued that his trial counsel took advantage of his disability and told him he would get only three years if he pled guilty and that his trial counsel did not interview exculpating witnesses. The trial court denied the motion on October 12, 2021. On July 15, 2022, Brooks moved for default judgment because the state had not replied to his motion for new trial; the trial court denied that on August 1, 2022. Claiming his right to appeal, Brooks filed the December 14, 2022 notice of appeal on a decision rendered in July 2022. This court dismissed the appeal as untimely. Because the notice of appeal was untimely, this court cannot adjudicate it, nor can it issue an order for compliance with the rules.

{¶ 6} To the extent that Brooks might be seeking some other relief, such as vacating the costs of the appeal or ordering the clerk to recognize the existence of the appeal or some other pleading, the court in its discretion declines to issue a writ of mandamus. "If a relator has failed to present clearly the claims asserted and the relief requested, this court may enter judgment against the relator." *State v. Byrge,*

8th Dist. Cuyahoga No. 92979, 2009-Ohio-4376, ¶ 2, and *State v. Wynn,* 8th Dist. Cuyahoga No. 105205, 2017-Ohio-659.

{¶ 7} Accordingly, this court grants the motion to dismiss and dismisses this application for a writ of mandamus. Relator to pay cost. This court directs the clerk of courts to serve all parties notice of the judgment and its date of entry upon the journal as required by Civ.R. 58(B).

{¶ 8} Complaint dismissed.

_____

SEAN C. GALLAGHER, JUDGE

KATHLEEN ANN KEOUGH, P.J., and
LISA B. FORBES, J., CONCUR